No. 73–6522. SUNDSTROM *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Ordered by his local Selective Service board to report for a pre-induction physical examination in May 1970, petitioner arrived at the examining place attired in a black robe and wearing facial makeup, in a representation

---

of the symbol of death.  Because of his appearance, petitioner was ejected from the examining station without undergoing a physical.  The local board ordered petitioner to appear for a second physical examination in August 1970, but the notice failed to reach the petitioner, who at the time was traveling without a forwarding address.[1]  Upon learning that the petitioner had failed to appear for the second scheduled examination, the local board, acting pursuant to a new Selective Service regulation then less than two months old, ordered the petitioner to report for immediate induction.  Under former practice, an induction order could not issue until the registrant had been found physically qualified for military service and had received notice to that effect.  The superseding regulation [2] authorized local boards to order for induction and simultaneous examination any registrant whose lottery number had been reached but who had failed to appear for a physical examination.

In September 1970, one week before his scheduled induction, petitioner returned to the board the induction order that had been mailed to him in August, stating in an accompanying letter his belief that the induction forms were "mailed in error" since he had not yet completed a physical examination and been found acceptable for military service.  Although the board made no response to petitioner's letter, it did report him to the Department of Justice as a violator when it learned of his failure to report for induction.  Apparently at the urging of the Justice Department, the board sent a second induction order to petitioner on December 2, 1970, directing him to

---

[1] A count that charged petitioner with violating 50 U. S. C. App. § 462 by failing to appear for the second physical examination was dismissed by the trial judge on the ground that the evidence did not support a "knowing" violation.

[2] Executive Order No. 11537, 3 CFR 936 (1966–1970 Comp.), revising 32 CFR § 1631.7 (1970).

appear for induction on the 15th. Again petitioner returned the order to the board, citing his belief that " 'an induction order cannot be served unless a pre-induction physical has been consummated and an acceptability statement [sent].' " The board did not respond to this letter. Petitioner's prosecution and conviction for failure to report for induction, 62 Stat. 622, 50 U. S. C. App. § 462 (a), followed.

The statute makes it a crime *"knowingly* [to] fail or neglect to perform [any] duty" required by the Selective Service laws. I do not see how petitioner can be deemed to have committed a knowing violation when the record demonstrates that the local board made absolutely no effort to correct the petitioner's erroneous belief, based upon a recently superseded regulation, that the board lacked power to summon him for induction.

Due process forbids the Government from actively misleading a citizen as to the law's commands. *Cox* v. *Louisiana,* 379 U. S. 559 (1965); *Raley* v. *Ohio,* 360 U. S. 423 (1959). A citizen may be misled as much by failure to correct an erroneous impression as by incorrect advice, affirmatively conveyed. Especially in Selective Service matters where registrants deal with the Government apparatus unaided by counsel, the Government has a duty to make reasonable efforts to keep the citizen from pursuing an inaccurate interpretation of law to his detriment. See *Simmons* v. *United States,* 348 U. S. 397, 404 n. 5 (1955).[3] The petitioner here advised the board on two occasions of his erroneous belief. On neither occasion

---

[3] The failure of a local board to correct a registrant's erroneous impression that he does not have a valid claim to an exemption as a conscientious objector has been held to vitiate a subsequent prosecution for failure to report for induction. See *United States* v. *Sanders,* 470 F. 2d 937, 939 (CA9 1972) ("[m]isleading conduct may consist of failure to correct an evident misunderstanding as well as to affirmatively convey incorrect information").

did the board respond, although a form letter or a copy of the new regulation would have dispelled petitioner's mistaken belief as to his status. Under these circumstances I would place upon the Government a duty to inform, and hold that failure to do so bars prosecution.

The new regulation was, to be sure, published. But the fiction that all men know the law, indulged in to provide a healthy incentive for men to learn the law's command,[4] need not be pressed so far as to impute knowledge of the labyrinthine passages of the Federal Register, when there is compelling evidence to the contrary. The salutary policy of the fiction will not be weakened if the rule is not absolute.[5] Notice by publication is not sufficient where it may reasonably be anticipated that the notice will not reach those it is intended to address. See *Lambert* v. *California,* 355 U. S. 225 (1957); *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U. S. 306 (1950). Here the petitioner's letters to the board unmistakably demonstrated that published notice was insufficient. Arguably, fairness, as well as efficiency, is served by placing the burden on the Government to advise petitioner of the change in regulations.[6]

I would grant certiorari.

---

[4] O. Holmes, The Common Law 40–41 (Howe ed. 1963).

[5] The Model Penal Code, for example, adopts a posture of moderation in providing for ignorance of law as a defense. § 2.04 Proposed Official Draft, 1962.

[6] In May 1972, the Director of Selective Service promulgated the Registrants Processing Manual, which provides that when a local board determines that a registrant has failed to appear for a scheduled physical examination it shall by letter so advise the registrant of this fact and that the registrant may be issued an order for induction and subsequent physical examination if his lottery number is reached. See 37 Fed. Reg. 10763 (May 27, 1972).