DONOVAN RUBY *v.* STATE OF INDIANA.

[No. 3-574A78. Filed October 23, 1975. Rehearing denied November 25, 1975. Transfer denied February 10, 1976.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Peter W. Bullard*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Lawrence B. O'Connell*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Petitioner-appellant Donovan Ruby was convicted of the crime of incest following a trial before a jury on July 14, 1965. On August 9, 1965, Ruby filed a *pro se* motion for a new trial. The trial court then appointed counsel to assist Ruby in presenting his motion for new trial and in taking an appeal. Thereafter, on March 3, 1967, Ruby appeared in person before the trial court and advised the court that he desired to abandon his right of appeal. Later, Ruby filed a petition for post-conviction relief with the trial court. After a hearing thereon, such petition was denied by the trial court. Petitioner then perfected an appeal to this court alleging the denial of such petition as error.

On review of a decision denying post-conviction relief, this court must be mindful that such a proceeding is in the nature of a civil action. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499, 500. Where a petitioner for such relief has been unsuccessful in the trial court, he stands in the position of one appealing from a negative judgment, and must demonstrate on appeal that such judgment is contrary to law. *Pettit* v. *State* (1974), 160 Ind. App. 63, 310 N.E.2d 81. Thus, such an appellant must show that the evidence before the trial court was without conflict and led to but one conclusion, and that the trier of fact reached a contrary conclusion. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N.E.2d 136; *Marshall* v. *Ahrendt* (1975), 165 Ind. App. 359, 332 N.E.2d 223.

Appellant contended in the trial court and contends on appeal that he was denied his right to be effectively repre-

sented at trial by competent counsel, citing *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919; and *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848. He recognizes that our courts have held that there is a presumption that an attorney has fully discharged his duty to his client, and that it requires strong and convincing proof to overcome such presumption. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255. Thus, a petitioner must show that the actions or inactions of his trial counsel made the proceedings a sham or mockery of justice and shocking to the conscience of the court. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418. In determining whether a petitioner has overcome the presumption of competent counsel, this court must look to the totality of circumstances in each case. *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686.

Petitioner was the sole witness at the hearing on his petition for post-conviction relief, his trial counsel having died prior to the time of such proceeding. His testimony tended to establish certain acts by his trial counsel which may or may not have constituted inadequate representation under the particular circumstances of this case. On appeal, petitioner asserts, in effect, that his testimony was without conflict and led to the sole conclusion that his trial counsel was incompetent, and that the trial court erred in holding otherwise.

Because of petitioner's interest in the outcome of the hearing on his petition for post-conviction relief, his testimony at such hearing must be subjected to careful scrutiny both by the trial court and this court on appeal. *Hunter* v. *Dowd* (7 Cir., 1952), 198 F.2d 13. The record herein discloses that petitioner has produced no evidence corroborative of his assertions, and that his allegations of incompetency were not made until he filed his petition for post-conviction relief—approximately six years after his trial.

Such lack of corroborative proof and dilatory conduct militate against petitioner's assertions. *Jennings* v. *State* (1973), 156 Ind. App. 640, 297 N.E.2d 909.

In light of these considerations, this court cannot say that as a matter of law petitioner's testimony led to the sole conclusion that his representation by trial counsel was unconstitutionally inadequate. The decision of the trial court must be affirmed as to this issue.

Petitioner also asserts that the rules of law utilized by our Indiana courts in passing upon questions of competency of counsel are inappropriate, and that the present Federal rules in this area should be adopted by our courts. This contention has been recently rejected by our Supreme Court in the case of *Bucci* v. *State* (1975), 263 Ind. 376, 332 N.E.2d 94.

Petitioner further contends that the trial judge erred in making findings of fact as to petitioner's asserted grounds for post-conviction relief after the death of the judge who presided at his trial and post-conviction hearing.

The deceased judge entered a decision against petitioner after the post-conviction proceeding, but succumbed prior to making any findings of fact thereon. Thereafter, his successor with the assistance of the record of the post-conviction hearing, made the required findings of fact consistent with such previous decision.

Ind. Rules of Procedure, Trial Rule 63(A), provides:

"Disability and unavailability after the trial or hearing. The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause *may perform any of the duties to be performed by the court*

*after the* verdict is returned or the findings or *decision of the court is filed;* but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part. The unavailability of any such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time." (Emphasis added.)

In the case at bar, the record discloses an order book entry by the trial judge who heard the evidence denying the petition for post-conviction relief. Under the provisions of Trial Rule 63 (A), *supra,* the fact that another judge later assumed jurisdiction over the cause and made findings supportive of such decision cannot be grounds for a reversal.

The final contention made by petitioner is that the judge who made the findings of fact and ruled on his motion to correct errors erred in failing to consider the record of the trial proceedings before making such entries. However, the record of this cause discloses that the transcript of the trial proceedings was unavailable until after such judge had ruled on petitioner's motion to correct errors. Furthermore, after such transcript became available, the judge set aside his prior ruling on the motion to correct errors, and accepted the transcript in evidence before ruling again on such motion. In these circumstances, petitioner has demonstrated no prejudice from the trial court's assertedly erroneous failure to consider the trial transcript; such transcript was considered by the trial court in ruling on the motion to correct errors, and the court reaffirmed its prior decision by overruling such motion.

The judgment of the trial court should be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 335 N.E.2d 635.