Calvetta **BAILEY, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–778A166.

Court of Appeals of Indiana,
Third District.

Dec. 13, 1979.

Rehearing Denied Feb. 5, 1980.

Goldsmith, Goodman, Ball & Van Bokkelen, Highland, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant Calvetta Bailey was convicted of entering to commit a felony and was sentenced to an indeterminate term of one to five years imprisonment.

Bailey first contends that the trial court erred in denying her motion to dismiss. She contended in the motion that a delay between August 29, 1975 and July 1977 denied her right to a speedy trial. On appeal, she attempts to assert that the delay from her arrest in September 1972 to her trial in March 1978 violated her right to a speedy trial pursuant to Indiana Rules of Procedure, Criminal Rule 4 and her right guaranteed by the Sixth Amendment. The right to a speedy trial may be waived. Bailey has waived her objection to all delays except the 23 month time span asserted as unconstitutional delay in her motion to dismiss. She has expressly waived applicability of CR 4. By expressly asserting unconstitutional delay in the specified time frame when she was in possession of all the facts, she precluded herself from now alleging a different time period. We will, therefore, limit our review to the 23 month delay which was questioned to determine if Bailey was denied her right to a speedy trial as guaranteed by the Sixth Amendment.

In making this determination we must consider the totality of the circumstances of this particular case, including the length of the delay, the reason for the delay, the assertion of a desire for a speedy

trial and the prejudice arising from the delay. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Springer v. State* (1978), Ind.App., 372 N.E.2d 466; *Collins v. State* (1975), 163 Ind.App. 72, 321 N.E.2d 868.

Bailey was charged by information with 1st degree burglary on September 15, 1972. She was arrested on November 22, 1972 following her release from the Women's Prison and was subsequently released on bail. Trial was set on November 6, 1974 for November 14, 1974 following a prolonged attempt by Bailey to take depositions of the state's witnesses. Bailey failed to appear for trial and a bench warrant was issued for her arrest on November 15, 1974. In August 1975 defense counsel filed a motion to withdraw because Bailey was uncooperative. This motion was denied by the trial court after it became aware of the whereabouts of Bailey. The Gary Police Department was notified on August 29 of her then current address. Bailey was not arrested until July 1977 and her trial took place in March of 1978.

■ Bailey asserts that the delay of 23 months (from August 1975 until her re-arrest in July of 1977) was caused by the failure of the state to use reasonable diligence in arresting her. The record does not reveal that the blame lies entirely with the state. On August 29, 1975 the state was aware of Bailey's address. However, Bailey admits that in this 23 month period she had three different addresses. The state asserts, and Bailey does not deny, that she was employed outside the jurisdiction of the Gary Police Department. In addition, when arrested Bailey gave the police a different name. In view of the fact that Bailey would have been tried in November of 1972, if she had appeared, any difficulties encountered by the state in locating her and bringing her to trial must be weighed against her. During this 23 month period, neither Bailey nor her counsel requested that a trial

date be set or that Bailey be afforded a speedy trial. Objections to the delay were not made until after Bailey was taken into custody. As was stated in *Barker v. Wingo, supra*, 92 S.Ct. at 2193 "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Prejudice to Barker as a result of the 23 month delay was minimal. There is no claim that any of the defense witnesses died or otherwise became unavailable owing to the delay. The trial transcript reveals only minor lapses of memory which were in no way significant to the outcome.[1]

In view of the totality of the circumstances, we are unable to say that Bailey was deprived of her constitutional rights to a speedy trial. The trial court did not err in denying the motion to dismiss.

■ Bailey next contends that the trial court erred in allowing a change in judge over her objection after the trial had begun. Although Indiana has not yet considered this issue, the general rule is that a judge cannot be substituted during the course of a criminal trial over the objection of counsel. *See Durden v. People* (1901), 192 Ill. 493, 61 N.E. 317; *State v. Gossett* (1974), 11 Wash. App. 864, 527 P.2d 91; 75 Am.Jur.2d *Trial* § 48; 83 A.L.R.2d 1032.

■ In *Freeman v. U.S.* (2d Cir. 1915), 227 F. 732, it was held that the Constitution does not permit substitution of a judge during a criminal trial even with the consent of the defendant. The court held that in a criminal case "trial by jury means trial by a tribunal consisting of at least one judge and twelve jurors, all of whom must remain identical from the beginning to the end." It is now accepted that the defendant may waive this right either by consent to the substitution or by failure to object. *Patton v. U.S.* (1930), 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854; *Randel v. Beto* (5th Cir. 1965), 354 F.2d 496; *Simons v. U.S.* (9th Cir. 1941), 119 F.2d 539, *cert. denied* 314 U.S. 616, 62 S.Ct. 78, 86 L.Ed. 496.

1. Leesester Chandler, a co-participant, could not remember where the other participants were seated in her car after the burglary. The victim could not recall the exact date of the burglary. Officer Ford did not recall when Sam Bailey was arrested or who arrested Chandler.

■ Indiana has consistently adopted the position that where a case is tried to a judge and the issues remain undetermined at his death, resignation or expiration of his term, a successor judge may not decide the case or make findings without a trial de novo. *Dawson et al. v. Wright et al.* (1955), 234 Ind. 626, 129 N.E.2d 796; *State ex rel. Harp v. Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N.E.2d 254; *Wainwright v. P.H. & F.M. Roots Co.* (1912), 176 Ind. 682, 97 N.E. 8. Indiana Rules of Procedure, Trial Rule 63(A) provides that a successor judge may perform the duties to be performed by the predecessor after the verdict is returned or the findings or decision of the court is filed. *See Ruby v. State* (1975), 166 Ind.App. 310, 335 N.E.2d 635. However, the rule does not purport to apply where the judge becomes unavailable before the verdict, findings or decision is made.

Federal Rules of Criminal Procedure, Rule 25(a) provides:

"(a) During Trial. If by reason of death, sickness or other disability the judge before whom a jury trial has commenced is unable to proceed with the trial, any other judge regularly sitting in or assigned to the court, upon certifying that he has familiarized himself with the record of the trial, may proceed with and finish the trial."

The constitutionality of the rule has been questioned by several commentators. 2 C. Wright, Federal Practice and Procedure § 392; Orfield, *Disability of the Judge in Federal Criminal Procedure*, 6 St. Louis U.L.J. 150, 151 (1960). Professor Wright states that Rule 25(a) poses no constitutional problem if the defendant consents to the substitution of judges during trial, but in the absence of consent Rule 25(a) cannot be applied and the death or disability of the judge requires that a mistrial be granted.

The second circuit interpreted Rule 25(a) as authorizing a successor judge to decide purely legal matters while reserving to the original judge any question of fact. *U.S. v. Sundstrom* (2d Cir. 1973), 489 F.2d 859, *cert. denied* 419 U.S. 934, 95 S.Ct. 205, 42 L.Ed.2d 163. In this case the original judge died after making findings of fact but before rendering a final verdict. The government conceded that had the original judge died before making the findings, a mistrial would have been mandated.

■ We conclude that where the defendant does not waive his right to trial before the same judge, a mistrial must be declared if the original judge is unable to continue after the trial has begun but before the verdict is returned or the findings or decision of the court is filed. Here the trial commenced, the jury was empanelled and the first witness was called and examined. At this point the state requested a continuance because a material witness had failed to appear. The request was granted and trial was continued until March 13th. The judge advised the parties that he would be unavailable on that date and that a judge *pro tem.* would sit for the remainder of the trial. The defendant promptly objected, but the court denied the objection. In so doing, reversible error was committed.

The judgment is reversed and the cause is remanded for a new trial.

HOFFMAN and STATON, JJ., concur.