**LIEN HO HSING STEEL ENTERPRISE CO., LTD., Plaintiff-Appellant,**

v.

**Klaus WEIHTAG, Von Rauchhaupt & Senftleben, Transportassekuranzkontor Friedrich Barkman & Co., Carl C. Peiner, Burmester, Duncker & Jolly, and Wilhelm Muller & Co., Defendants-Appellees.**

**No. 83–2171.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 1984.

Decided July 31, 1984.

Carlton E. Russell, Ackerman, Ling, Russell, Linsley & Mirkovich, Long Beach, Cal., for plaintiff-appellant.

John R. Lacy, Honolulu, Hawaii, for defendants-appellees.

Before FARRIS and PREGERSON, Circuit Judges, and WHELAN *, District Judge.

WHELAN, District Judge.

Lien Ho Hsing Steel Enterprise Co., Ltd., appeals from dismissal of its complaint for bad faith denial of a marine insurance claim, which was filed in the United States District Court for the District of Hawaii. The issues involved are whether a clause in the policy designating Rotterdam as the exclusive forum for any disputes under the policy should prevail, whether it was error for a district court judge who did not hear argument on a motion to dismiss to grant it and vacate an order of another judge, and whether conditions may be imposed on the dismissal by this court where the district court made no such conditions.

Late in 1979, Lien Ho Hsing sought insurance on cargo it owned aboard the vessel Star K. The owner of the corporations operating the Star K, a Mr. Wirth, asked Portland, Oregon, broker Gene Sause & Co. to arrange this insurance for Lien Ho Hsing. Not all the risk could be underwritten· in London, where Gene Sause initially sought to place it, so Gene Sause's corresponding London brokers contacted European brokers, seeking to place the rest of the coverage. The remaining 50 percent of the risk was thus placed by Hamburg broker Agte Gebrueder in the German market with appellees. In doing so, Agte Gebrueder used the usual insurance policy form of the Rotterdam brokers, Hudig-Langeveldt, which contains a clause specifying Rotterdam as the forum for any disputes arising under the contract.

The Star K left Portland, Oregon, on December 22, 1979, under tow for Taiwan, and after stopping to load more scrap steel in Hilo, Hawaii, it sank on March 26, 1980, 24 days out of Hilo. Although placement of 50 percent of the risk on the German market had been confirmed to Gene Sause by telex on October 31, 1979, the actual policy was not issued until after the Star K sank. Gene Sause was not aware of the forum selection clause, nor did it communicate it to Mr. Wirth or Lien Ho Hsing, prior to the loss.

Lien Ho Hsing filed its complaint in the United States District Court in Hawaii on July 7, 1981. Appellees moved to dismiss on the grounds that the Hawaii court lacked personal jurisdiction over the German defendants, that service of process by mail did not comply with the 1969 Hague Convention, and that the insurance policy's forum selection clause gave exclusive jurisdiction over disputes arising from the insurance contract.to the courts of Rotterdam. The motion was argued on May 20, 1983, before Judge David W. Williams, who was temporarily assigned to the Hawaii District Court. Judge Williams, in his order of June 7, 1983 (filed June 10, 1983) stated he did not reach any part of the motion except that regarding service of process.

On June 9, 1983, Judge King of the Hawaii District Court dismissed the suit, holding that the forum selection clause prevailed, and that service of process was inadequate pursuant to the Hague Convention. The next day, Judge Williams caused his said order to be filed; in it, he found and held that service of process was inadequate. His order, however, granted 30 days' leave to perfect service of process, and held that there was no need at that time to reach the other issues raised by defendants. On June 17, 1983, Judge King vacated Judge Williams' order filed June 10, in light of his June 9 dismissal of the

---

* Hon. Francis C. Whelan, Senior United States District Judge for the Central District of California, sitting by designation.

action. This appeal is taken from the orders filed June 9, 10, and 17, 1983.

■ Lien Ho Hsing argues that it should not be held to the terms of the clause in the policy of insurance issued by the appellees which designates Rotterdam as the exclusive forum for disputes arising from the contract. The United States Supreme Court has held that, "a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power ... should be given full effect." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13, 92 S.Ct. 1907, 1914–1915, 32 L.Ed.2d 513 (1972). The correct approach for a district court faced with a challenge to such a clause, is to enforce it unless the objecting party can make a strong showing that the forum selection clause is invalid, or that its enforcement would be unreasonable or unjust. *Id.* at 15, 92 S.Ct. at 1916.

Lien Ho Hsing claims the clause at issue is invalid due to overweening bargaining power on the part of appellees because, rather than having been freely negotiated, it was the result of arrangements made between brokers who were all acting as agents of the insurers, appellees.

Lien Ho Hsing claims that even Gene Sause was the insurers' agent, pointing out that Lien Ho Hsing did not hire the Oregon broker directly. Rather, Gene Sause was approached by Mr. Wirth, the vessel manager. But in paragraph four of its complaint, Lien Ho Hsing charges appellees with participating, "in the extension and provision to plaintiff a policy (sic) of cargo insurance ...." The affidavit of Zu Chen Yu, half owner of Lien Ho Hsing, says that Lien Ho Hsing, "arranged for cargo insurance through Gene Sause." Therefore, regardless of Wirth's intermediary status, Lien Ho Hsing has acknowledged that it was Lien Ho Hsing and not Wirth to whom appellees provided insurance, via Gene Sause, the broker hired by Lien Ho Hsing.

■ Marine insurance brokers are technically agents of the assured, even though they are compensated by commissions deducted from the underwriters' premiums, and they act as intermediaries both in placing the risk and handling claims. G. Gilmore & C. Black, Jr., *The Law of Admiralty*, 56–57 (1975), *citing Eagle Star & British Dominions v. Tadlock*, 22 F.Supp. 545, 548, 1938 A.M.C. 499 (S.D.Cal.1938), *aff'd sub nom. Walsh v. Tadlock*, 104 F.2d 131 (9th Cir.), *cert. denied*, 308 U.S. 584, 60 S.Ct. 107, 84 L.Ed. 489 (1939); *Connecticut Fire Ins. v. Davidson Chemical Corp.*, 54 F.Supp. 2, 6, 1944 A.M.C. 384 (D.Md.1944); Winter, Marine Insurance 110 *et seq.* (3d ed. 1952).

Although it is the generally accepted custom and usage for marine underwriters to deal with insurance brokers as agents of the insured, this practice was not established by an act of Congress nor has it risen to the stature of a judicially established federal admiralty rule. *See Centennial Ins. Co. v. Parnell*, 83 So.2d 688, 1956 A.M.C. 406 (Fla.1955); *Hauser v. American Central Ins. Co.*, 216 F.Supp. 318, 1964 A.M.C. 526 (E.D.La.1963). In the absence of federal admiralty law on the issue, the law of the state with the greatest interest in the issue controls. *Wilburn Boat Co. v. Fireman's Ins. Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955); *Ahmed v. Am. S.S. Mut. Protection & Indem. Ass'n*, 640 F.2d 993 (9th Cir.1981); *Edinburgh Assur. Co. v. R.L. Burns Corp.*, 479 F.Supp. 138 (C.D.Cal.1979), *aff'd in relevant part*, 669 F.2d 1259 (9th Cir.1982). The parties in their briefs both argued that Oregon law is controlling on the issue of the principal-agent relationship between Lien Ho Hsing and Gene Sause.

Lien Ho Hsing seeks exemption from the general practice that brokers are agents of the assured under its interpretation of Oregon Revised Statute 744.165 (1977), which states:

"Any person who solicits or procures an application for insurance shall in all matters relating to such application for insurance and the policy issued in consequence thereof be regarded as the agent of the insurer issuing the policy and not the agent of the insured. Any provisions

in the application and policy to the contrary are invalid and of no effect whatever."

Case law shows that this statute does not, as Lien Ho Hsing contends, constitute all Oregon brokers agents of the insurers. In *Arley v. United Pacific Ins. Co.*, 379 F.2d 183 (9th Cir.1967), *cert. denied*, 390 U.S. 950, 88 S.Ct. 1039, 19 L.Ed.2d 1140 (1968), this court held that an agent retained by, and in order to procure coverage for, the prospective insured may not be treated as the agent of the insurer. The Arleys, residents of Oregon, requested their local agent, Chaney, to obtain fire insurance for their Nevada property. Not having a nonresident Nevada license, Chaney made several attempts to induce licensed agents to procure the policy, while assuring the Arleys they were covered. On January 16, 1963, the Arleys' property burned down; the next day Chaney induced United Pacific Insurance to issue a policy backdated to January 12. The court held that even though Oregon law makes several references to agents, and none to resident brokers, it could not be construed to constitute all intermediaries in the procurement of insurance agents of the insured. Chaney, who was acting on behalf of the Arleys, was acting as a broker, which "as distinguished from an agent, does not represent an insurance company but places insurance with whatever company he can induce to insure the risk. He is not the agent of the insurer, but rather the agent of the one seeking insurance." *Id.* at 187 n. 5.

Appellant relies on *Paulson v. Western Life Ins. Co.*, 292 Or. 38, 636 P.2d 935 (1981), which applied O.R.S. 744.165 to hold that an employer offering group life insurance was the agent of the insurance company whose policies the employer sold. *Paulson* did not, however, hold that this statute eliminates brokers in the State of Oregon. O.R.S. 744.165 can create an agency relationship where no formal agency has been established, in the case of employers offering group life insurance. This is because the intent of O.R.S. 744.165

is to make acts or statements of one who solicits or procures an application of insurance from the insured, binding on the company whose coverage is being sold, regardless of "waivers" to the contrary by either the insurer or the intermediary. *Id.* at 56–58, 636 P.2d 935. The statute cannot, however, be stretched "beyond the limited facts of the *Paulson* holding" to transform someone hired by the insured into an agent of the insurer. *Port of Portland v. Water Quality Ins. Syndicate*, 549 F.Supp. 233, 238 (D.Or.1982).

Lien Ho Hsing's argument to the effect that under Oregon law there is "no such animal as a broker" is without legal merit or support. *See Arley*, 379 F.2d at 188 n. 6 (rejection of similar argument).

Lien Ho Hsing further argues that a broker's conduct may determine his agency status, citing *Welded Tube v. Hartford Fire Ins. Co.*, 1973 A.M.C. 555 (E.D.Penn.). Because the broker, S. Green, acted as the agent for both the insured and the insurer, the court in *Welded Tube* did not apply the general rule that, "a marine insurance broker is the agent of the insured and not the insurer." *Id.* at 561. Hartford was bound by S. Green's treatment of Nichimen, Welded Tube's joint venturer, as an insured because Hartford treated S. Green as its agent after the insurance was placed. Hartford referred to S. Green as its agent, and entered into an agency agreement with the broker. The court found that this disrupted the normal relationship between S. Green and the insured and "rendered S. Green an agent of the insurer." *Id.*

Lien Ho Hsing argues that by selecting the Hudig-Langeveldt form containing a Rotterdam forum clause, Hamburg broker Agte Gebrueder acted favorably to the German insurers, rather than favorably to Lien Ho Hsing, and therefore Agte Gebrueder should be considered the insurers' agent. The facts do not bear comparison, however. *Welded Tube* involved a formal agency agreement between broker and insurer. The case at bar involves the routine selection of a form contract containing a clause with which appellant says it would

not have agreed had it been informed of it in advance. "An insurance broker is the agent of the insured and not of the insurer. The insured is bound by the broker's acts and is charged with his knowledge. He cannot challenge the validity of the contract which the broker makes for him." *Eagle Star*, 22 F.Supp. at 548, 1938 A.M.C. 499. To stretch the rule of *Welded Tube* as appellant suggests would mean that the normal agency relationship would be reversed whenever a client was disgruntled with a clause in a contract negotiated for him by a chain of brokers.

■ Even if English law were applicable on this issue as Lien Ho Hsing suggests, the facts simply do not warrant reversal of the agency relationship established when Lien Ho Hsing hired Gene Sause to seek insurance on Lien Ho Hsing's behalf. While the parties in their briefs did not discuss the ramifications of Lien Ho Hsing's denial of its brokers' power to bind it to the Rotterdam forum selection clause, Lien Ho Hsing does not seek to disclaim the contract as a whole and thereby render itself uninsured. In fact, counsel for appellant, in open court, expressly so stated. Obviously, if the selection of Rotterdam as the forum for determination of any disputes under the contract of insurance be held not binding on appellant, the whole insurance contract would not be binding on appellees. As appellees suggest, Lien Ho Hsing's objections to the clause should be directed to its brokers, rather than to appellees.

According to the court in *Bremen*, a forum selection clause could also be invalidated if enforcement of it would contravene a strong policy of the forum where suit is brought. 407 U.S. at 15, 92 S.Ct. at 1916. The sole support for Lien Ho Hsing's claim that Hawaii has a policy relevant to this action is Hawaii Revised Statute § 634–35(a)(4) (1976). This statute extends personal jurisdiction to persons, "[c]ontracting to insure any person, property, or risk located within this State at the time of contracting."

■ Appellees contend that H.R.S. § 634–35(a)(4) is an enabling statute, expressing only the policy of the State of Hawaii that its citizens may bring suit in local courts when the Constitutional requirements for personal jurisdiction over nonresident defendants exist. Judge King held that the requirements for in personam jurisdiction over appellees were met, both under the statute and through appellees' having the Constitutional "minimum contacts" with Hawaii. But, a statute defining the limits of Hawaiian courts' jurisdiction does not, in itself, express a "strong policy" that insurance cases must be tried locally despite a clause in the insurance contract to the contrary.

■ Lien Ho Hsing raises several arguments why Judge King's order of June 17, 1983, vacating Judge Williams' order of June 10 was improper. None of appellant's arguments have any validity. When Judge King dismissed the action by holding that the provision of the contract to the effect that Rotterdam was the proper forum for determination of disputes under the insurance contract, Judge Williams' order allowing them to perfect service of process became moot so that Judge King's order vacating Judge Williams' order was merely in the nature of a housekeeping matter as far as the file of the case was concerned. Actually, Judge King's order dismissing the action in effect automatically vacated Judge Williams' order.

■ Lien Ho Hsing asserts that Judge King violated due process when he dismissed the case without hearing the arguments presented to Judge Williams. Procedurally, though, there is no need for Judge King to have heard the oral arguments presented to Judge Williams. A successor judge may proceed from where a former judge left off, provided the determinations of the successor rest on law, rather than facts. *U.S. v. Sundstrom*, 489 F.2d 859, 863 (2d Cir.1973), *cert. denied*, 419 U.S. 934, 95 S.Ct. 205, 42 L.Ed.2d 163 (1974); *St. Louis Southwestern Railway Co. v. Henwood*, 157 F.2d 337, 342–43 (8th Cir.1946), *cert. denied*, 330 U.S. 836, 67 S.Ct. 969, 91

L.Ed. 1283 (1947). Both in the court below, and on appeal, the determination of the validity of the forum selection clause rests on issues of law, not fact.

■ Both parties suggest that because matters outside the pleadings were presented under defendants' Motion to Dismiss, the district court was bound to treat the motion as a Rule 56 motion for summary judgment. Judge King's order filed June 9, 1983, did not say that the motion was being so considered, and treatment of the matter as a motion to dismiss was proper because no factual matters outside the pleadings needed to be determined. The complaint referred to the subject contract of insurance, and alleged that it was procured for Lien Ho Hsing from appellees by Gene Sause.

Even though they did not change the legal picture presented by the pleadings, affidavits were presented by plaintiff and defendants. It appears that no genuine issue of material fact existed. If the defendants' motion was considered a motion for summary judgment, Judge King's order filed June 9, 1983, was a proper grant of summary judgment in favor of defendants.

■ Lien Ho Hsing also claims that it was deprived of its due process right to be heard because its theory of agency based on O.R.S. 744.165 (discussed *supra*) was only presented orally to Judge Williams. But Lien Ho Hsing had, and took advantage of, the opportunity to be heard in filing its opposition to defendants' motion to dismiss. In *U.S. v. Raddatz*, 447 U.S. 667, 677, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424 (1979), the court held that due process does not require, even in the case of factual evidence on a motion to suppress in a criminal matter, that " '[t]he one who decides must hear.' *Morgan v. U.S.*, 298 U.S. 468, 481 [56 S.Ct. 906, 912, 80 L.Ed. 1288] (1936)." Where legal arguments only are involved, and the material issues have been briefed, there is no Constitutional requirement for oral argument covering all legal theories, whether frivolous or substantial. *F.C.C. v. Station WJR*, 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353 (1949);

*Sarelas v. Porikos*, 320 F.2d 827, 828 (7th Cir.1963), *cert. denied*, 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473 (1964).

■ Lien Ho Hsing asks for the imposition of conditions on Judge King's order of dismissal. This request was not made in the court below, but is first made on appeal.

We have discretion to decide whether to resolve questions first raised on appeal. In *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), the court suggested such cases be restricted to those where the proper resolution is beyond doubt or where injustice would otherwise result. We generally refuse to consider arguments raised originally on appeal unless, "it is necessary to do so to prevent a manifest injustice." *Friedman and Jobusch, Architects, etc., v. C.I.R.*, 627 F.2d 175, 177 (9th Cir.1980).

Lien Ho Hsing asks that we impose on the district court's judgment the conditions that: 1) appellees consent to jurisdiction in the Rotterdam court; 2) they not raise a statute of limitations defense; and 3) they agree to satisfy any judgment rendered by a Rotterdam court.

By the terms of the forum selection clause itself, appellees have consented to jurisdiction in Rotterdam, and presumably to comply with that court's judgment. A statute of limitations defense at this point may or may not deprive appellant of any forum. Appellant has not, however, provided us with information on what the relevant statute of limitations is, or whether there is any indication that appellees would, or could, assert such a defense.

Appellant's claim of injustice, should a statute of limitations defense be successful in Rotterdam, is compromised by the fact that appellant should have known of the forum selection clause when the full contract was forwarded to Gene Sause after the Star K sank. The exact date when the contract was received is not in the record; however, the policy bears an issue date of November 28, 1979, and is twice stamped with the date "24 Juli 1980."

The objection which Lien Ho Hsing makes to a Rotterdam forum is the expense of presenting a claim over 6,000 miles away from any witnesses to the events which possibly give rise to an insurance claim. This is not a "manifest injustice." The court in *Bremen* noted that it is common to prosecute marine insurance cases by deposition. 407 U.S. at 19, 92 S.Ct. at 1918.

Lien Ho Hsing has not offered evidence or argument that a manifest injustice would ensue if we refused to consider its request that the district court's order of dismissal be made conditional. We reject the request.

Because the forum selection clause is valid and fully enforceable, and because there was no error in Judge King's order vacating the prior order of Judge Williams, the orders of Judge King filed June 9 and 17, 1983, are AFFIRMED.