# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**STEVEN J. HALBERT**
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
Deputy Attorney General
Indianapolis, Indiana

**PATRICK M. RHODES**
DCS Marion County
Indianapolis, Indiana

**RYAN KENNETH GARDNER**
Child Advocates, Inc.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: S.B., Ay.B, A.B. & K.G. (Minor Children), | ) ) ) ) | |
| And | ) ) | |
| K.G. (Mother), | ) ) | |
| Appellant-Respondent, | ) ) ) | |
| vs. | ) ) | No. 49A02-1303-JT-244 |
| MARION COUNTY DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner, | ) ) | |
| CHILD ADVOCATES, INC., | ) ) | |
| Co-Appellee (Guardian ad Litem). | ) | |

APPEAL FROM THE MARION SUPERIOR COURT – JUVENILE DIVISION
The Honorable Marilyn Moores, Judge
The Honorable Larry Bradley, Magistrate
Cause No. 49D09-1208-JT-31368
Cause No. 49D09-1208-JT-31369
Cause No. 49D09-1208-JT-31370
Cause No. 49D09-1208-JT-31371

**October 29, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

In 2011, Magistrate Julianne Cartmel held an evidentiary hearing to determine whether K.G.'s ("Mother") parental rights to her four children should be terminated. Mother did not attend the hearing but she was represented by counsel. Magistrate Cartmel resigned after the hearing without reporting factual findings or conclusions to the juvenile court. The case was transferred to Magistrate Larry Bradley. Magistrate Bradley reviewed the record and reported factual findings and conclusions to Judge Marilyn Moores, who approved Magistrate Bradley's findings and conclusions and issued an order terminating Mother's parental rights.

This case is one of a number of termination cases arising from Magistrate Cartmel's resignation to reach this Court. The appellants challenge Magistrate Bradley's authority to report factual findings and conclusions without having presided over the underlying evidentiary hearing. In this specific case, Mother argues that the order terminating her parental rights violated Indiana law and her due-process rights because it

2

was based on the findings of a magistrate who did not preside over the evidentiary hearing.

We conclude that the termination order does not violate Indiana law because the relevant statutory section does not prohibit Magistrate Bradley's actions. We also conclude that the order does not violate Mother's due-process rights because the underlying evidence was undisputed and did not require Magistrate Bradley to make any credibility determinations. Specifically, there was no dispute that Mother had not successfully completed services and had not secured stable housing or employment. There was also no dispute that Mother had stopped visiting the children and communicating with caseworkers. We therefore find that Magistrate Bradley did not err by reviewing the record and reporting findings and conclusions to Judge Moores without holding a new evidentiary hearing. We affirm the termination of Mother's parental rights.

**Facts and Procedural History**

Mother has four sons: ten-year-old S.B., seven-year-old Ay.B., five-year-old A.B., and four-year-old K.B.[1] In 2011, the local Marion County Department of Child Services ("MCDCS") learned that Mother was using drugs and the children had been living intermittently in a car and with relatives. The children were removed from Mother's care and adjudicated children in need of services ("CHINS"). Mother was ordered to complete a variety of services, including home-based counseling, home-based

---

[1] A.M.B. is the father of S.B., Ay.B., and A.B. His parental rights have been terminated and he does not participate in this appeal. The father of K.B. is unknown. Mother also gave birth to a fifth child, D.G., shortly after the children were removed from her care. Although D.G. has also been removed from Mother's care, he is not involved in this case.

case management, and substance-abuse assessments. She was also required to visit the children regularly, obtain housing and employment, and maintain contact with MCDCS. Mother ultimately failed to do all of these things.

As a result, MCDCS filed a petition to terminate Mother's parental rights. Mother did not attend the evidentiary hearing on the termination petition, but she was represented by counsel at the hearing. At the hearing, caseworkers testified that Mother had stopped visiting the children and communicating with MCDCS. Caseworkers also testified that Mother had failed to complete services and had not secured stable housing or employment. The children, meanwhile, were thriving in a relative placement, and those involved with the case unanimously recommended the termination of Mother's rights. At the conclusion of the hearing, Magistrate Cartmel took the matter under advisement.

Magistrate Cartmel resigned after the hearing without reporting factual findings or conclusions to the juvenile court. The case was transferred to Magistrate Bradley, who reviewed the record and reported factual findings and conclusions to Judge Moores. Judge Moores approved Magistrate Bradley's findings and conclusions, and in March 2013, Judge Moores issued an order terminating Mother's rights to the children.

Mother now appeals.

### Discussion and Decision

On appeal, Mother argues that the termination order violated Indiana law and her due-process rights because it was based on the findings and conclusions of a magistrate

4

who did not preside over the evidentiary hearing.[2]   Mother does not challenge the sufficiency of the evidence underlying the termination order.

The State argues that Mother waived her right to challenge Magistrate Bradley's review of the evidence by failing to object at the trial level.  *See* Appellant's App. p. 15-16.  We disagree.  It does not appear Mother was even aware of Magistrate Bradley's involvement in the case until the termination order was entered.  Mother properly challenged the termination order by filing a timely appeal.

## I.   The Termination Order

Mother argues that the termination order violated Indiana law, specifically Indiana Code section 33-23-5-9.   Section 33-23-5-9 states that "except as provided under subsection (b), a magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. [3]  The court shall enter the final order."  Nothing in Section 33-23-5-9 requires that the reporting magistrate be the magistrate who presided over the evidentiary hearing.  We cannot agree that the order violated Section 33-23-5-9.

Mother also argues that her due-process rights were violated because the termination order is based on findings of a magistrate who did not preside over the underlying evidentiary hearing.

---

[2] Mother also implies that the termination order is deficient because the order says that Magistrate Bradley reviewed the record, but it is not clear what that review entailed.  However, this Court has held that there is no "show your work" requirement in Indiana Code section 33-23-5-9.  *See R.W. v. Marion Cnty. Dep't of Child Servs.*, 892 N.E.2d 239, 244 (Ind. Ct. App. 2008) ("There is no 'show your work' requirement contained in Indiana Code section 33-23-5-9.  The clear and unambiguous language of this statute simply requires a magistrate to report his or her findings, following an evidentiary hearing, to the trial court.  It does not prescribe a specific method for doing so.").  Magistrate Bradley was not required to explain the manner in which he reviewed the record.

[3] Subsection (b) relates to criminal proceedings and is not relevant here.

5

Where evidence is heard by a trial judge who later dies or resigns from office before making findings or ruling on the evidence, the general rule is that a successor judge may not make findings or conclusions without a trial de novo. *In re Adoption of A.S.*, 912 N.E.2d 840, 845 (Ind. Ct. App. 2009) (citing *Farner v. Farner*, 480 N.E.2d 251, 257 (Ind. Ct. App. 1985)), *trans. denied*. "This is because 'a party to an action is entitled to a determination of the issues by the jury or judge that heard the evidence.'" *Farner*, 480 N.E.2d at 257 (citation omitted). However, parties may stipulate that a successor judge should determine the case on the record, so long as the case does not involve credibility issues. *Id.*

By contrast, "in a case where the resolution of a material issue requires a determination as to the weight and credibility of testimony, due process requires that the trier of fact hear all of the evidence necessary to make a meaningful evaluation." *Id.* (citation omitted). When a successor judge attempts to resolve credibility and weight-of-evidence issues without having heard the evidence and observed the demeanor of witnesses, the judge deprives the parties of an essential element of the trial process. *Urbanational Developers, Inc. v. Shamrock Eng'g, Inc.*, 175 Ind. App. 416, 372 N.E.2d 742, 746 (1978) (citation omitted). "Such an undertaking by the successor judge is against the logic and effect of the facts and circumstances before the court and amounts to an abuse of discretion." *Id.*

Here, the evidence at the underlying termination hearing was undisputed and there were no credibility determinations to be made.[4] Mother did not attend the hearing. In

---

[4] For this reason, this case is distinguishable from another case stemming from Magistrate Cartmel's resignation. In *In re D.P.*, another panel of this Court concluded that a father's due-process

Mother's absence, caseworkers testified that Mother had stopped visiting the children and communicating with MCDCS. Caseworkers also testified that Mother had failed to complete the required services and had not secured stable housing or employment. No witness testified that Mother should be given more time to complete services or that the children should be returned to Mother's care; in fact, those involved with the case testified unanimously that termination of Mother's rights was in the children's best interests. This is the type of case in which parties may stipulate that a substitute judge should determine the case on the record. *Farner*, 480 N.E.2d at 257-58. Despite the fact that the parties did not so stipulate here, the evidence in this case was undisputed and did not require Magistrate Bradley to make any credibility determinations. For this reason, we cannot say that Magistrate Bradley erred in reporting findings and conclusions to Judge Moores without holding a new evidentiary hearing.

Because this case implicates Mother's due-process rights, we note that any risk presented by the procedure used here is minimal. *See In re C.G.*, 954 N.E.2d 910, 917 (Ind. 2011) (Because both the State and the parent have substantial interests in termination proceedings, when determining what process is due, we consider the risk of error created by DCS's actions and the trial court's actions.). Mother did not attend the

---

rights were violated when Magistrate Bradley reviewed the record and reported factual findings and conclusions that Judge Moores later approved. *See In re D.P.*, --- N.E.2d --- (Ind. Ct. App. 2013). However, in that case, the father testified and witnesses gave conflicting testimony regarding the child's removal and the father's ability to remedy the conditions leading to removal. Because the evidence was in conflict and credibility determinations had to be made, a new evidentiary hearing was required.

evidentiary hearing but she was represented by counsel who had the opportunity to present evidence in Mother's favor and cross-examine witnesses.[5]

       Affirmed.

FRIEDLANDER, J., concurs.

BAKER, J., concurs in result with separate opinion.

---

[5] For the first time in her reply brief, Mother references Trial Rule 63(A), arguing that it does not allow Magistrate Bradley to review the record and recommend findings and conclusions. But a party may not raise an argument for the first time on appeal in her reply brief. *See* Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief."). Nonetheless, we cannot agree that Trial Rule 63(A) prohibits Magistrate Bradley's actions. Rather, the rule "confers *'discretion'* upon the successor judge to grant a new trial or new hearing . . . when he is satisfied that he cannot perform the duties of the regular judge because he did not preside at the trial." *Urbanational Developers, Inc.*, 372 N.E.2d at 746 (emphasis added).

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE TERMINATION )
OF THE PARENT-CHILD RELATIONSHIP )
OF S.B., Ay.B., A.B., & K.G. (Minor Children), )
)
    and )
)
K.G. (Mother), )
)
    Appellant-Respondent, )
)
      vs. )    No. 49A02-1303-JT-244
)
MARION COUNTY DEPARTMENT OF )
CHILD SERVICES, )
)
    Appellee-Petitioner, )
)
CHILD ADVOCATES, INC., )
)
    Co-Appellee-Guardian ad Litem. )

**BAKER, Judge, concurring in result.**

I agree with the majority's determination that Magistrate Bradley had the proper authority to report factual findings and conclusions of law without having presided over the underlying evidentiary hearing. However, while the majority points out that the evidence presented at the termination hearing was undisputed, I part ways with the notion that Mother's due process rights would have been violated thus requiring a new

9

evidentiary hearing even if Magistrate Bradley had to make credibility determinations when reviewing the record.[6]

When the State seeks to terminate the parent-child relationship, it must do so in a manner that meets the requirements of the due process clause. A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Thompson v. Clark County Div. of Family & Children, 791 N.E.2d 792, 795 (Ind. Ct. App. 2003).

As the majority observes, Magistrate Bradley reviewed the record following Magistrate Cartmel's resignation. Absent his careful review of the evidence, he would have been unable to issue the specific findings that are contained in his proposed order. Even more compelling, Mother has not identified any specific prejudice that resulted from Magistrate Bradley's review of the record and his subsequent recommendation of the findings of fact and conclusions of law. Indeed, one who seeks to disturb a judgment has the burden of showing an erroneous ruling and resultant prejudice. TeWalt v. TeWalt, 421 N.E.2d 415, 420 (Ind. Ct. App. 1981). The fact that a determination was made by a judge or magistrate is not conclusive on the issue of neutrality. Green v. State, 676 N.E.2d 755, 761 (Ind. Ct. App. 1996). However, a judge is presumed by law to be unbiased and unprejudiced. To overcome this presumption, the party seeking to

---

[6] The majority distinguishes this case from In re D.P., No. 49A02-1303-JT-245 (Ind. Ct. App. Sept. 25, 2013), where a different panel of this Court determined that a Father's due process rights were violated when Magistrate Bradley reviewed the record and reported factual findings and conclusions that Judge Moores subsequently approved. In that case, the evidence was in conflict and credibility determinations had to be made. Thus, the panel in D.P. concluded that a new evidentiary hearing was required. Slip op. at 6-7 n.4.

10

disqualify a judge must establish actual personal bias. <u>Hite v. Haase</u>, 729 N.E.2d 170, 176 (Ind. Ct. App. 2000).

Although Mother did not appear at the evidentiary hearing on the termination petition, she was represented by counsel. Slip op. at 4. Mother's counsel was provided with the opportunity to cross-examine the State's witnesses, as well as the opportunity to introduce evidence in defense of the action. Under these circumstances, we have recognized that the risk of an inaccurate result decreases significantly. <u>C.T.</u>, 896 N.E.2d at 587. It is apparent that counsel protected Mother's interests during the trial, thus decreasing the chance of an error in the evidence that Magistrate Bradley had reviewed.

In sum, I believe that Mother has failed to demonstrate how she was prejudiced as a consequence of Magistrate Bradley's issuance of findings of fact and conclusions of law and recommended order after reviewing the evidence. Thus, I do not believe that Mother's due process rights were violated.

I also note that the provisions of Indiana Trial Rule 63(A) permitted Magistrate Bradley to enter the proposed termination order. This rule provides that

(A) Disability and unavailability after the trial or hearing. The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part. The unavailability of any

11

such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time.

Here, it is apparent that Magistrate Cartmel was unavailable to enter a proposed final order or judgment regarding the petition to terminate Mother's parental rights because of her resignation after the final hearing but before a ruling was made. Under Trial Rule 63(A), any other judge regularly sitting in the judicial circuit asked to rule in the present case could, in his or her discretion, grant a new trial or hearing if he or she was satisfied that the substitute duties for Magistrate Cartmel could not be performed. Similarly, Magistrate Bradley is in the same superior court as was Magistrate Cartmel. Thus, he could prepare findings from a record that was created before the initial judge, or he could have granted a new hearing if he deemed it necessary to do so. See Ruby v. State, 166 Ind. App. 310, 315, 335 N.E.2d 635, 638 (1975) (finding no error when the judge who heard the evidence in a post-conviction relief case found against the petitioner but later died, and the judge's successor, with the assistance of the record of the hearing, made the required findings consistent with the previous decision). Like the circumstances in Ruby, I do not believe that Magistrate Bradley erred in issuing the recommended order on the pending termination petition, nor would he have erred had he been called upon to make credibility determinations.

Finally, I maintain that the decision to issue the order that was consistent with the evidence presented at the termination hearing was a logical one, and permitting the decision to linger would have delayed the children's permanent placement. For these reasons, I agree that it was proper for Magistrate Bradley to review the evidence and

12

issue a recommendation and proposed order to terminate Mother's parental rights. Thus, I concur in the result reached by the majority.