**Michael MEADE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9106–PC–246.**

Court of Appeals of Indiana,
Second District.

March 16, 1992.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SULLIVAN, Judge.

Michael Meade (Meade) appeals the denial of his petition for post-conviction relief. Upon appeal, Meade presents two issues for our review, one of which is dispositive and is as follows:

I.  Whether a successor judge may rule upon a petition for post-conviction relief when the hearing on the petition was conducted by another judge; and

II. Whether a guilty plea is rendered involuntary if, at the plea hearing, the sentencing judge misinforms the defendant as to the maximum sentence he would have received had he been found guilty of all charges, including

those dropped as a part of the plea agreement.

Because we reverse as to Issue I we do not treat Issue II.

On April 29, 1988, Meade signed a written plea agreement. On May 2, 1988, pursuant to the written agreement, Meade pleaded guilty to one count of Burglary, a Class A felony.[1] In return for his guilty plea, the State agreed that all other charges pending against him would be dropped.[2] At the May 2 guilty plea hearing, Meade was advised of the constitutional rights that he was waiving. He was also advised of the maximum and minimum penalties for the offense to which he was pleading guilty. In addition, the judge asked the prosecutor to calculate the maximum sentence Meade could receive if he were convicted of all the offenses for which he was originally charged. The prosecutor answered that Meade could have been sentenced to eighty-six years. Meade then provided the court with a factual basis for the guilty plea via a detailed narrative account of the activities that led to his arrest. The judge accepted the plea agreement and later sentenced Meade to the agreed-upon twenty years.

On July 28, 1989, Meade filed a Petition For Post Conviction Relief, asserting that the trial court erred at the guilty plea hearing by informing him that he could receive a maximum sentence which was, he argues, in excess of that allowable under law. Consequently, Meade contended, his guilty plea was involuntary because avoiding the possibility of receiving an eighty-six year sentence was a material factor in his decision to accept the guilty plea arrangement. The post-conviction hearing was held on November 27, 1990 before Judge Jimison. On February 13, 1991, Judge Darden, a successor to Judge Jimison, entered his findings of fact and conclusions of law, and denied Meade's petition. It is from that denial that Meade appeals.

Meade argues that he was denied due process because the judge who issued the findings of fact and conclusions of law (Judge Darden) was not the judge who presided at the hearing (Judge Jimison). The State argues that a successor judge may properly rule upon matters arising in a case if the original judge is unavailable. Both parties rely on Trial Rule 63(A) of the Indiana Rules of Procedure to support their respective positions:

"**(A) Disability and Unavailability After the Trial or Hearing.** The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause *may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed;* but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part. The unavailability of any such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time." (Emphasis supplied.)

Judge Jimison's absence from the bench after January 1, 1991 resulted from the outcome of the November, 1990 election. The State contends that this unavailability satisfies the requirement of Rule 63(A), thereby validating Judge Darden's ruling as successor judge. Meade offers *State v. Smith* (1973), 260 Ind. 555, 297 N.E.2d 809, in support of his argument that an individu-

---

**1.** I.C. 35–43–2–1 (Burns Code Ed.1985).

**2.** The original information charged Meade with the following offenses: Count I—Burglary, a Class A felony; counts II & IV—Theft, Class D felonies; count III—Robbery, a Class B felony; count V—Battery, a Class D felony; and count VI—Resisting Law Enforcement, a Class D felony.

al's departure from the active roles of the judiciary does not render a judge unavailable within the meaning of Rule 63(A).

However, we need not here consider the parties' contentions relative to the correct interpretation of Rule 63(A) because that rule is simply inapplicable to the case before us. It is clear that Judge Jimison did not make, enter, or file any such findings or decision with reference to the post-conviction relief petition as set forth in Rule 63(A). Hence, the successor judge had no authority to rule upon the motion, because the predicate for such action did not occur.

Accordingly, we must reverse and remand with instructions to vacate the denial of post conviction relief and to either appoint Judge Jimison as special judge or as judge pro tempore, or to conduct a *de novo* evidentiary hearing upon the post-conviction relief petition.

BUCHANAN and SHIELDS, JJ., concur.