# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**AMY KAROZOS**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE
DEPARTMENT OF CHILD SERVICES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
Deputy Attorney General
Indianapolis, Indiana

**PATRICK M. RHODES**
Department of Child Services,
Marion County Office
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
CHILD ADVOCATES, INC.:

**CAREY HALEY WONG**
Indianapolis, Indiana

**FILED**

Sep 25 2013, 9:57 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE INVOLUNTARY )
TERMINATION OF THE PARENT-CHILD )
RELATIONSHIP OF D.P., MINOR CHILD, )
AND HER FATHER, D.P., )
                                     )

D.P., )
                                     )
        Appellant-Respondent, )
                                     )
            vs. )      No. 49A02-1303-JT-245
                                     )
INDIANA DEPARTMENT OF CHILD )
SERVICES, )

<table>
<tr><td></td><td>)</td></tr>
<tr><td>Appellee-Petitioner,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>and</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>CHILD ADVOCATES, INC.,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Appellee-Guardian Ad Litem.</td><td>)</td></tr>
</table>

---

**APPEAL FROM THE MARION SUPERIOR COURT**
The Honorable Marilyn A. Moores, Judge
The Honorable Larry E. Bradley, Magistrate
Cause No. 49D09-1206-JT-23315

---

**September 25, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On February 20, 2013, the juvenile court issued an order terminating Appellant-Respondent D.P.'s ("Father") parental rights to his minor child. The order contained factual findings and conclusions thereon that were recommended to the juvenile court by a magistrate.[1] The magistrate who made and reported the recommended factual findings and conclusions thereon to the juvenile court was not the same magistrate who conducted the evidentiary hearing. The magistrate who conducted the evidentiary hearing resigned from her position as magistrate before making any recommended factual findings or conclusions thereon.

---

[1] Indiana law provides that a magistrate may conduct an evidentiary hearing. Ind. Code § 33-23-5-5(11). The magistrate who conducts an evidentiary hearing shall report the magistrate's findings to the court, which shall enter the final order. Ind. Code § 33-23-5-9.

On appeal, Father contends that the juvenile court erred in terminating his parental rights. In challenging the termination of his parental rights, Father raises numerous issues, one of which we find dispositive. This issue is whether the replacement magistrate could make recommended factual determinations when the replacement magistrate did not hear the evidence or observe the witnesses during the evidentiary hearing. Because we conclude that the replacement magistrate could not make recommended findings of fact and conclusions thereon to the juvenile court, we reverse the judgment of the juvenile court and remand to the juvenile court for a new evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

D.P. was born to Father and P.R.S. ("Mother") on July 7, 2003.[2] On October 18, 2010, DCS filed a verified petition alleging that D.P. was a child in need of services ("CHINS"). With respect to Mother, the CHINS petition alleged that Mother had failed to provide her with a safe and appropriate living environment free from substance abuse. With respect to Father, the CHINS petition alleged that Father, who was incarcerated, was unable to appropriately parent D.P. On December 7, 2010, following a fact-finding hearing, the juvenile court found D.P. to be a CHINS. The juvenile court issued a dispositional order and parental participation decree on January 4, 2011, in which it ordered Father to complete certain services.

On June 11, 2012, DCS filed a petition seeking the termination of Father's parental rights to D.P. On October 24, 2012, Magistrate Julianne Cartmel conducted an evidentiary

---

[2] The termination of Mother's parental rights is not at issue in this appeal.

3

termination hearing at which Father appeared telephonically and was represented by counsel. During the evidentiary hearing, Magistrate Cartmel heard testimony from the Department of Child Services ("DCS") case worker, Father, and the Guardian Ad Litem ("GAL"). These witnesses provided conflicting testimony regarding whether the reasons for removing the child from Father's care could be remedied in the future and whether termination of Father's parental rights was in the child's best interests. Following the conclusion of the termination hearing, Magistrate Cartmel took the matter under advisement.

At some point before Magistrate Cartmel reported recommended factual findings and conclusions thereon to the juvenile court, Magistrate Cartmel resigned from her position as a magistrate. The matter was transferred to Magistrate Larry Bradley. Magistrate Bradley reviewed the record created during the evidentiary hearing and reported recommended factual findings and conclusions thereon to the juvenile court. Magistrate Bradley did not conduct a new evidentiary hearing before reporting his recommended factual findings and conclusions thereon to the juvenile court. The juvenile court approved Magistrate Bradley's factual findings and conclusions thereon, and on February 20, 2013, issued an order terminating Father's parental rights to D.P. Father now appeals.

**DISCUSSION AND DECISION**

The Fourteenth Amendment to the United States Constitution protects the traditional right of a parent to establish a home and raise his child. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 145 (Ind. 2005). Further, we acknowledge that the parent-child relationship is "one of the most valued relationships of our culture." *Id*. However, although

parental rights are of a constitutional dimension, the law allows for the termination of those rights when a parent is unable or unwilling to meet his responsibility as a parent. *In re T.F.*, 743 N.E.2d 766, 773 (Ind. Ct. App. 2001), *trans. denied*. Therefore, parental rights are not absolute and must be subordinated to the child's interests in determining the appropriate disposition of a petition to terminate the parent-child relationship. *Id.*

The purpose of terminating parental rights is not to punish the parent but to protect the child. *Id.* Termination of parental rights is proper where the child's emotional and physical development is threatened. *Id.* The juvenile court need not wait until the child is irreversibly harmed such that his physical, mental, and social development is permanently impaired before terminating the parent-child relationship. *Id.* In reviewing termination proceedings on appeal, this court will not reweigh the evidence or assess the credibility of the witnesses. *In re Involuntary Termination of Parental Rights of S.P.H.*, 806 N.E.2d 874, 879 (Ind. Ct. App. 2004).

### Whether a Magistrate who Did Not Preside over the Evidentiary Hearing Could Report Suggested Findings of Fact and Conclusions Thereon to the Juvenile Court

Father contends that his due process rights were violated because the magistrate who conducted the evidentiary hearing was not the same magistrate who made and reported the recommended findings of fact and conclusions thereon to the juvenile court. We agree.

Indiana courts have long held that "[a] party to an action is entitled to a determination of the issues by the jury or judge that heard the evidence, and where a case is tried by the judge, and the issues remain undetermined at the death, resignation, or expiration of the term of such judge, his successor cannot decide, or make findings in the case, without a trial *de*

5

*novo.*" *Wainwright v. P.H. & F.M. Roots Co.*, 176 Ind. 682, 698-99, 97 N.E. 8, 14 (1912) (providing that a judge did not have a right to decide the issues presented in a case in which he had not heard the evidence, and, accordingly, the case should have been retried); *see also Dawson v. Wright*, 234 Ind. 626, 630, 129 N.E.2d 796, 798 (1955); *State ex rel. Harp v. Vanderburgh Cir. Ct.*, 227 Ind. 353, 363, 85 N.E.2d 254, 258 (1949); *Bailey v. State*, 397 N.E.2d 1024, 1027 (Ind. Ct. App. 1979). This is because due process requires that the trier of fact hear all of the evidence necessary to make a meaningful evaluation in a case where the resolution of a material issue requires a determination as to the weight and credibility of testimony. *Farner v. Farner*, 480 N.E.2d 251, 257 (Ind. Ct. App. 1985).

"When a successor judge attempts to resolve questions of credibility and weight of evidence without having had an opportunity to hear the evidence and observe the demeanor of witnesses, he is depriving a party of an essential element of the trial process." *Urbanational Devrs., Inc. v. Shamrock Eng'g, Inc.*, 175 Ind. App. 416, 421, 372 N.E.2d 742, 746 (1978). "Such an undertaking by the successor judge is against the logic and effect of the facts and circumstances before the court and amounts to an abuse of discretion." *Id.* "To hold otherwise would be to grant a power of review to the successor judge that is not even claimed by appellate courts." *Id.*

The circumstances presented here closely resemble the case where evidence is heard by a trial judge who thereafter dies or resigns from office before making findings or ruling on the evidence. The record demonstrates that on October 24, 2012, Magistrate Cartmel conducted an evidentiary hearing on DCS's petition to terminate Father's parental rights.

6

During this evidentiary hearing, Magistrate Cartmel heard the testimony of witnesses and accepted exhibits into the record. The witnesses' testimony and exhibits required Magistrate Cartmel to weigh the exhibits and judge witness credibility to make a factual determination as to whether termination of Father's parental rights was warranted. Magistrate Cartmel, however, resigned from her position as magistrate before making and reporting recommended findings and conclusions thereon to the juvenile court. Magistrate Cartmel's successor, Magistrate Bradley, reviewed the record, made factual findings and conclusions thereon, and reported these recommended findings and conclusions thereon to the juvenile court. These factual findings and conclusions thereon were ultimately approved by the juvenile court, which subsequently issued an order terminating Father's parental rights to D.P. Magistrate Bradley did not conduct a new evidentiary hearing before making these factual findings or reporting the recommended findings and conclusions thereon to the juvenile court.

DCS has presented no authority, and we find none, suggesting that a magistrate should be treated any differently from a trial judge in a situation where the magistrate makes factual findings without having had the opportunity to hear the testimony and observe the witnesses. As such, we conclude that Father's due process rights were violated in the instant matter. Magistrate Bradley could not properly resolve questions of credibility and weight of evidence because he did not have an opportunity to hear the evidence and observe the demeanor of witnesses. *See Wainwright*, 176 Ind. at 698-99, 97 N.E. at 14; *Farner*, 480 N.E.2d at 257. Again, to hold otherwise would be to grant a power of review to Magistrate Bradley that is

7

not even claimed by this court on appeal. *See Urbanational Devrs.*, 175 Ind. App. at 421, 372 N.E.2d at 746.

Further, despite DCS's claim to the contrary, Father did not waive his right to have a factual determination made by Magistrate Cartmel. Like other elements of due process, this right may be waived if the parties stipulate that the substitute judge should determine the case on the record. *See Farner*, 480 N.E.2d 257-58. Father did not stipulate that Magistrate Bradley should determine the case on the record. Nothing in the record indicates that Father even knew that Magistrate Bradley had replaced Magistrate Cartmel until the juvenile court issued its order terminating Father's parental rights. Father challenged Magistrate Bradley's ability to make the recommended findings and conclusions thereon by way of a timely appeal.

Having concluded that Father's due process rights were violated in the instant matter because Magistrate Bradley could not properly resolve questions of credibility and weight of evidence because he did not have an opportunity to hear the evidence and observe the demeanor of witnesses, we reverse the judgment of the juvenile court and remand to the juvenile court for a new evidentiary hearing. Any subsequent factual findings and conclusions thereon should be issued in accordance with this opinion.

The judgment of the juvenile court is reversed and the matter remanded for further proceedings.

BAILEY, J., and MAY, J., concur.

8