**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 18 2014, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JOHN P. DALY, JR.**
**MATTHEW M. GOLITKO**
Golitko & Daly, PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JULIA BLACKWELL GELINAS**
**MAGGIE L. SMITH**
**ERIC A. RIEGNER**
Frost Brown Todd LLC
Indianapolis, Indiana

**STEVEN J. MOSS**
Duke Energy Business Services LLC
Plainfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RENEE BERRY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JEFFREY BERRY, DECEASED, | ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 49A02-1306-CT-483 |
| DUKE ENERGY INDIANA, INC., d/b/a DUKE ENERGY, | ) ) ) | |
| Appellee-Defendant. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1001-CT-2683

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Renee Berry ("Berry"), as Personal Representative of the Estate of Jeffrey Berry ("Jeffrey"), appeals the trial court's judgment in favor of Duke Energy Indiana, Inc. d/b/a Duke Energy ("Duke") on Berry's complaint alleging negligence following a jury trial. Berry presents two issues for our review:

1. Whether the magistrate who presided over the final day of trial had authority to hear the case and enter a final judgment.

2. Whether alleged misconduct by Duke's counsel during trial is grounds for a new trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 10, 2008, Jeffrey, a traffic signal technician for the City of Kokomo, was performing maintenance on traffic signals at the intersection of Mulberry and Washington Streets. Jeffrey had parked his truck in the right lane of travel and redirected travel from that lane into the left lane. As Jeffrey performed maintenance on the traffic signals, he stood on a platform that extended from the bed of the truck and moved up, down, right, and left as needed. At times, Jeffrey moved the platform to a position over the left lane of travel. Jeffrey was not utilizing the available safety harness, lanyard, or hard hat as he performed the work on the platform that day. And he raised the platform to a height of thirteen feet, two inches instead of the recommended height of sixteen feet, which would accommodate all types of trucks passing underneath the platform.

At approximately 10:00 a.m., Annette Patchett, a Duke employee, was driving a semi-truck and trailer in the scope of her employment when she approached the intersection where Jeffrey was working on the platform. She observed that the platform was positioned over the right lane of travel, and she stopped her truck in the left lane of travel while she waited for the traffic signal to turn green. After the light changed and Patchett began to drive straight through the intersection underneath the traffic signal, Jeffrey moved the platform toward the traffic signal over the left lane of travel. The trailer of Patchett's truck was thirteen feet, six inches tall, and as she passed under the traffic signal, Jeffrey's platform collided with the top of the trailer. As a result of the collision, Jeffrey fell off of the platform and sustained severe injuries. Jeffrey died a few days later.

On January 15, 2010, Berry filed a complaint against Duke and Patchett alleging negligence in causing Jeffrey's death. Berry subsequently filed an amended complaint and named as an additional defendant Delphi Body Works ("Delphi"), the manufacturer of the platform truck Jeffrey used on the date of the accident. Berry subsequently removed Delphi as a defendant in her third amended complaint. On the second day of the three-day jury trial, Berry dismissed Patchett from the case, leaving Duke as the sole defendant. And on the third day of trial, Judge Thomas J. Carroll did not appear due to illness, so his magistrate Christopher B. Haile presided without objection. At the conclusion of the trial, the jury found that Jeffrey was 51% at fault in causing the accident and returned a verdict in favor of Duke. Magistrate Haile entered judgment

accordingly. Berry filed a motion to correct error, which the trial court denied following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Magistrate's Authority

Berry first contends that, because Magistrate Haile was not appointed as judge pro tempore when he presided over the third day of trial and entered judgment, the judgment in favor of Duke is "a nullity." Appellant's Brief at 8. In support of that contention, Berry cites Floyd v. State, 650 N.E.2d 28, 30 (Ind. 1994), where our supreme court observed:

> The Indiana Constitution requires that judicial acts be performed only by judges. Ind. Const. art. 7, § 1. Thus, only a duly elected or appointed judge of the court or a duly appointed judge pro tempore or special judge may enter an appealable final judgment, including a criminal sentence. When a court official who is not a duly elected or appointed judge of the court purports to make a final order or judgment, that decision is a nullity.

(Some citations omitted). Berry further contends that Indiana Code Section 34-35-1-5 mandates that where, as here, the sitting trial judge takes ill and is absent for fewer than three days, the court shall be adjourned until the judge returns. We cannot agree with Berry's assertion that the trial court's judgment is a nullity.

First, Indiana Code Section 34-35-1-5 provides in relevant part that, if a judge is prevented from presiding during any session of court by reason of sickness, the sheriff may adjourn the court "from day to day." But nothing in that statute prohibits a magistrate from presiding over one day of trial due to the sitting judge's illness. And under Indiana Code Section 33-23-5-5, a magistrate is authorized to conduct a trial and

4

receive a jury's verdict. Moreover, to the extent Berry contends that she was prejudiced[1] by the change of judge mid-trial and denied her right to trial, Berry made no objection to Magistrate Haile's presiding over the final day of trial or moved for a continuance. In Tapia v. State, 753 N.E.2d 581, 588 (Ind. 2001), our supreme court held that the defendant waived any challenge to a magistrate's authority to preside over portions of his post-conviction proceeding when he failed to make any objection. Likewise, here, Berry cannot object to the magistrate's authority to hear the final day of her trial for the first time on appeal.[2]

Second, after Berry filed her notice of appeal in this case, Duke moved this court for limited remand, which was granted, and the appeal was temporarily stayed. On remand, Judge Carroll issued a signed, final judgment in favor of Duke. Thereafter, this appeal resumed. Thus, any defect in the magistrate's entry of judgment has been corrected.

**Issue Two: Alleged Attorney Misconduct**

Berry next contends that Duke's trial counsel committed several acts of misconduct throughout the course of the trial. Berry maintains that the cumulative effect

---

[1] In support of her contention that she was prejudiced by the change of judge mid-trial, Berry cites In re D.P., 994 N.E.2d 1228 (Ind. Ct. App. 2013), where we held that a parent's right to due process was violated when the magistrate who presided over the evidentiary hearing was different from the magistrate who suggested findings and conclusions to the juvenile court. That case, a bench trial, is obviously distinguishable from this case, which was tried to a jury. Accordingly, the holding in In re D.P. is inapposite.

[2] During the hearing on her motion to correct error, Berry attempted to amend her motion to include a challenge to the magistrate's authority to preside over the third day of trial "without consent of the parties." Transcript at 598. But the trial court denied Berry permission to amend her motion to correct error to include that new issue.

of the alleged misconduct "is grounds for a new trial." Appellant's Brief at 15. We cannot agree.

Initially, we note that Berry asserts that Judge Carroll orally granted several motions in limine and that Duke violated at least three of the trial court's orders in limine. But during the hearing on Berry's motion to correct error, Judge Carroll stated that he did not make any rulings on the motions in limine. And Berry does not direct us to anything in the record showing that the trial court issued orders in limine. Accordingly, Berry's contention on this issue is without merit.

Moreover, even if Judge Carroll had granted any motions in limine, contemporaneous objections were still required to preserve those issues for appeal. See Owens v. State, 937 N.E.2d 880, 885 (Ind. Ct. App. 2010), trans. denied. But Berry did not preserve any of her allegations of misconduct through a contemporaneous objection, a request for an admonishment, and/or a motion for a mistrial. See Dumont v. Davis, 992 N.E.2d 795, 807 (Ind. Ct. App. 2013). For instance, during voir dire, Duke remarked to prospective jurors: "Who wins a tie? It's the defendant." Transcript at 97. On appeal, Berry contends that that remark led to the jury's confusion on the allocation of fault under the Comparative Fault Act, but Berry made no objection to the trial court.[3] Accordingly, the issue is waived. Waiver notwithstanding, Duke's counsel made the

---

[3] Berry submitted to the trial court an affidavit prepared by the jury foreperson indicating that the jurors had been confused by this remark and would have allocated fault differently had they not been so confused. The trial court struck that affidavit from the record. Berry attempts to rely on that affidavit in support of her argument on appeal, but Duke moved to strike the affidavit from the appellate record. We grant that motion by separate order. And while Berry appears to challenge the trial court's ruling in striking that affidavit in her "Statement of the Issues" in her brief on appeal, she does not include any argument with regard to that issue in the argument section of her brief. Accordingly, we do not address whether the trial court erred when it struck the juror affidavit from the record.

challenged remark in explaining Berry's burden to prove Patchett's negligence by a preponderance of the evidence. Berry's counsel had explained to a prospective juror during voir dire that a preponderance of the evidence means that Berry has to tip the scales of justice "just a little bit" to show Patchett's negligence. Transcript at 44. Thus, the challenged remark, in context, is essentially the same concept stated by Berry's counsel. Moreover, the trial court properly instructed the jury on the allocation of fault, and the jury was provided with appropriate verdict forms consistent with the instruction on fault allocation. Berry's contention on this issue must fail.

Berry also alleges that Duke's counsel committed misconduct during cross-examination of Berry. In particular, Duke referred to Berry's claim against Delphi, which had been dismissed as a defendant prior to trial. And, when questioning Berry about her claimed damages, Duke referred to an economic loss report prepared by an expert witness for Berry which was not admitted into evidence at trial. Berry maintains that both lines of questioning prejudiced her. But the trial court sustained Berry's objections to both, and Berry did not request an admonishment, curative instruction, or mistrial. Accordingly, Berry cannot now complain. See Dumont, 992 N.E.2d at 807.

Berry also contends that Duke's counsel committed misconduct during direct examination of Duke's expert witness Nick Tumbas. Once again, Berry made no objection to the challenged testimony. Accordingly, the issue is waived. See id.

Finally, Berry contends that Duke's counsel committed numerous acts of misconduct during closing argument, including alleged violations of the Rules of Professional Conduct and the evidence rules. But Berry did not make a single objection

to any of the alleged acts of misconduct. In an effort to excuse her lack of diligence in making objections during Duke's closing argument, Berry contends that objections are "futile at best and harmful at worst." Appellant's Brief at 20. And she attempts to argue that contemporaneous objections are unnecessary to preserve an issue for appeal if it is raised in a motion to correct error.[4] But Berry ignores decades of established precedent, which clearly provides that she was required, at a minimum, to object to the alleged misconduct to preserve the issues for appeal. As our supreme court has held:

> To preserve an issue regarding the propriety of a closing argument for appeal, a defendant must do more than simply make a prompt objection to the argument. Defendant must also request an admonishment, and if further relief is desired, defendant must move for a mistrial. If the trial court gives the requested admonishment, generally any error is deemed cured. Failure to request an admonishment or move for a mistrial results in waiver of the issue. Generally this is so, even if the court has overruled a timely objection.

Wright v. State, 690 N.E.2d 1098, 1111 (Ind. 1997). Berry's contentions regarding Duke's closing argument are waived.

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[4] Berry relies on case law that is not relevant to a party's failure to make contemporaneous objections or request curative instructions during trial. Obviously, not all trial errors require contemporaneous objections.