ATTORNEY FOR APPELLANT
Steven J. Halbert
Carmel, Indiana

ATTORNEYS FOR APPELLEES
Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

Patrick M. Rhodes
Marion County Department of Child
Services
Indianapolis, Indiana

Ryan Kenneth Gardner
Child Advocates, Inc.
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-1402-JT-77



FILED
Mar 26 2014, 11:41 am

CLERK
of the supreme court,
court of appeals and
tax court

IN THE MATTER OF THE INVOLUNTARY
TERMINATION OF THE PARENT-
CHILD RELATIONSHIP OF S.B., AY.B.,
A.B. AND K.G.,

K.G.,

*Appellant (Respondent),*

v.

MARION COUNTY DEPARTMENT OF
CHILD SERVICES,

*Appellee (Petitioner),*

AND

CHILD ADVOCATES, INC.,

*Appellee (Guardian Ad Litem).*

Appeal from the Marion Superior Court,
Nos. 49D09-1208-JT-31368
49D09-1208-JT-31369
49D09-1208-JT-31370
49D09-1208-JT-31371
The Honorable Marilyn Moores, Judge
The Honorable Larry Bradley, Magistrate

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1303-JT-244

_____

**March 26, 2014**

**Per Curiam.**

We granted transfer in this case and In the Matter of Involuntary Termination of the Parent-Child Relationship of I.P., ___ N.E.3d ___ (Ind. 2014), to address due process safeguards where a magistrate presiding over a termination of parental rights hearing resigns before reporting recommended findings and conclusions to the judge. In accord with our decision today in In re I.P., we find the procedure used in this case violated the parent's due process rights.

The Marion County Department of Child Services ("MCDCS") petitioned to involuntarily terminate the parental rights of K.G. ("Mother") to her four children. Magistrate Julianne Cartmel presided over the termination hearing. Mother did not attend, but she was represented by counsel. At the conclusion of the evidentiary hearing, Magistrate Cartmel took the matter under advisement, but she resigned her position before reporting recommended findings and conclusions to Judge Marilyn Moores. *See* Ind. Code § 33-23-5-9. The case was transferred to Magistrate Larry Bradley, who, without holding a new evidentiary hearing, reviewed the hearing record and reported recommended findings and conclusions. Judge Moores approved the findings and conclusions and ordered Mother's parental rights terminated. On Mother's appeal, the Court of Appeals found no due process violation and affirmed.

In our decision today in In re I.P., we discuss the constitutional rights of parents to the care, custody, and control of their children, and the process due a parent when the State seeks to terminate a parent's rights. ___ N.E.3d at ___ (citing In the Matter of the Involuntary

Termination of the Parent-Child Relationship of C.G., 954 N.E.2d 910, 917 (Ind. 2011); Bester v. Lake Cnty. Office of Family & Children, 839 N.E.2d 143, 147 (Ind. 2005)).

In re I.P. also reasserts the principle that a party is entitled to a determination of the issues by the judge who heard the evidence, and, where a case is tried to a judge who resigns before determining the issues, a successor judge cannot decide the issues or enter findings without a trial *de novo*. State ex rel. Harp v. Vanderburgh Cir. Ct., 227 Ind. 353, 85 N.E.2d 254, 258 (1949). When a successor judge who did not hear the evidence or observe the witnesses' demeanor attempts to weigh evidence and make credibility determinations, the judge "is depriving a party of an essential element of the trial process." In the Matter of the Involuntary Termination of the Parent-Child Relationship of D.P., 994 N.E.2d 1228, 1232 (Ind. Ct. App. 2013) (quoting Urbanational Developers, Inc. v. Shamrock Eng'g, Inc., 175 Ind. App. 416, 372 N.E.2d 742, 746 (1978)).

It is precisely because the judge or magistrate presiding at a termination hearing has a superior vantage point for assessing witness credibility and weighing evidence that we give great deference to a trial court's decision to terminate a parent's rights. *See* In the Matter of the Termination of the Parent-Child Relationship of E.M., No. 45S03-1308-JT-557, 2014 WL 895207, at *3 (Ind. Mar. 7, 2014). Magistrate Cartmel heard the evidence and observed the witnesses firsthand, but she then resigned and Magistrate Bradley reviewed the record and reported recommended findings and conclusions to Judge Moores, who approved the findings and conclusions and entered a termination order. Mother did not agree to have Magistrate Bradley recommend findings and conclusions based on a review of the record. *See* Farner v. Farner, 480 N.E.2d 251, 257-58 (Ind. Ct. App. 1985) (concluding parties may stipulate to have successor judge who did not preside at evidentiary hearing decide the issues based on the record). Nor did Mother waive her due process right by failing to object, as MCDCS alleged. Rather, it appears Mother was unaware of Magistrate Bradley's involvement in the case until after entry of the termination order, which she challenged on appeal. In accord with In re I.P., we find the procedure used by the trial court violated Mother's due process rights. *See* In re D.P., 994 N.E.2d at 1233 (finding due process violation where Magistrate Cartmel presided over parental termination hearing and then resigned, and Magistrate Bradley reviewed the hearing

3

record and reported recommended findings and conclusions to the judge, who approved the findings and conclusions and entered order terminating parent's rights).

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

All Justices concur.