ATTORNEY FOR APPELLANT
Mark Small
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

Patrick M. Rhodes
Marion County Department of Child
Services
Indianapolis, Indiana

DeDe K. Connor
Child Advocates, Inc.
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Mar 26 2014, 11:41 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1402-JT-81

IN THE MATTER OF THE INVOLUNTARY
TERMINATION OF THE PARENT-
CHILD RELATIONSHIP OF I.P.,

T.P.,

*Appellant (Respondent),*

v.

INDIANA DEPARTMENT OF
CHILD SERVICES,

*Appellee (Petitioner),*

AND

CHILD ADVOCATES, INC.,

*Appellee (Guardian Ad Litem).*

Appeal from the Marion Superior Court, No. 49D09-1207-JT-29849
The Honorable Marilyn Moores, Judge

The Honorable Larry Bradley, Magistrate

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-1303-JT-283

_____

**March 26, 2014**

**Per Curiam.**

The Court has granted transfer to address due process safeguards where a magistrate presiding over a termination of parental rights hearing resigns before reporting recommended findings and conclusions to the judge. In this case and another termination case we decide today, In the Matter of the Involuntary Termination of the Parent-Child Relationship of S.B., ___ N.E.3d ___ (Ind. 2014), we find the procedure used violated the parent's due process rights.

The Marion County Department of Child Services petitioned to involuntarily terminate the parental rights of T.P. ("Father") to his child. Magistrate Julianne Cartmel presided over the termination hearing. Father was incarcerated. He participated in the hearing by telephone and was represented by counsel. At the conclusion of the evidentiary hearing, Magistrate Cartmel took the matter under advisement, but she resigned her position before reporting recommended factual findings and conclusions to Judge Marilyn Moores. *See* Ind. Code § 33-23-5-9. The case was transferred to Magistrate Larry Bradley, who, without holding a new evidentiary hearing, reviewed the hearing record and reported recommended findings and conclusions. Judge Moores approved the findings and conclusions and ordered Father's parental rights terminated. On Father's appeal, the Court of Appeals found no due process violation and affirmed.

The Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children. Bester v. Lake Cnty. Office of Family & Children, 839 N.E.2d 143, 147 (Ind. 2005). As we have observed, a parent's interest in the care, custody, and control of his or her child is one of the oldest fundamental liberty interests, and the parent-child relationship is one of the most valued in our culture. Id. Thus, when the State seeks to terminate the parent-child relationship, it must do so in a manner that meets due process requirements. In the Matter of the Involuntary Termination of the Parent-Child

2

Relationship of C.G., 954 N.E.2d 910, 917 (Ind. 2011). The process due in a termination case turns on the balancing of three factors: (1) the private interests affected by the proceeding; (2) the risk of error created by the State's chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure. Id. Both a parent's interest in the care, custody, and control of a child, and the State's *parens patriae* interest in protecting a child's welfare are substantial. Id. At issue here is whether the trial court's chosen procedure created a risk of error.

A party is entitled to a determination of the issues by the judge who heard the evidence, and, where a case is tried to a judge who resigns before determining the issues, a successor judge cannot decide the issues or enter findings without a trial *de novo*. State ex rel. Harp v. Vanderburgh Cir. Ct., 227 Ind. 353, 85 N.E.2d 254, 258 (1949). When a successor judge who did not hear the evidence or observe the witnesses' demeanor attempts to weigh evidence and make credibility determinations, the judge "is depriving a party of an essential element of the trial process." In the Matter of the Involuntary Termination of the Parent-Child Relationship of D.P., 994 N.E.2d 1228, 1232 (Ind. Ct. App. 2013) (quoting Urbanational Developers, Inc. v. Shamrock Eng'g, Inc., 175 Ind. App. 416, 372 N.E.2d 742, 746 (1978)).

It is precisely because the judge or magistrate presiding at a termination hearing has a superior vantage point for assessing witness credibility and weighing evidence that we give great deference to a trial court's decision to terminate a parent's rights. *See* In the Matter of the Termination of the Parent-Child Relationship of E.M., No. 45S03-1308-JT-557, 2014 WL 895207, at *3 (Ind. Mar. 7, 2014). But in this case, the magistrate who reported recommended findings and conclusions to the judge did not hear the evidence or observe the witnesses firsthand. And Father did not agree to have Magistrate Bradley recommend findings and conclusions based on a review of the record. *See* Farner v. Farner, 480 N.E.2d 251, 257-58 (Ind. Ct. App. 1985) (concluding parties may stipulate to have successor judge who did not preside at evidentiary hearing decide the issues based on the record). We find the procedure used by the trial court violated Father's due process rights. *See* In re D.P., 994 N.E.2d at 1233 (finding due process violation where Magistrate Cartmel presided over parental termination hearing and then resigned, and Magistrate Bradley reviewed the hearing record and reported recommended

findings and conclusions to the judge, who approved the findings and conclusions and entered order terminating parent's rights).

The Court of Appeals also found Trial Rule 63(A) authorized Magistrate Bradley to report recommended findings and conclusions without holding a new evidentiary hearing. We find Trial Rule 63(A) inapplicable to this case. Trial Rule 63(A) permits a successor judge to perform the duties of the predecessor judge "after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part." Magistrate Cartmel resigned before reporting recommended findings to the judge. *See* Meade v. State, 588 N.E.2d 521, 523 (Ind. Ct. App. 1992) (finding Trial Rule 63(A) inapplicable where judge who presided over post-conviction hearing became unavailable before entering findings or decision).

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

All Justices concur.