## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2018, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Douglas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 7, 2018

Court of Appeals Case No.
18A-CR-746

Appeal from the Bartholomew
Superior Court

The Honorable Kathleen Tighe
Coriden, Judge

Trial Court Cause No.
03D02-1707-CM-3706

**May, Judge.**

[1] Andrew Douglas appeals his conviction of Class A misdemeanor battery resulting in bodily injury.[1] He argues the State produced insufficient evidence to rebut his claims of self-defense and defense of other. We affirm.

## Facts and Procedural History

[2] Douglas separated from his wife, M.D., on February 15, 2017. Following their separation, the couple's sons, twelve-year-old K.D. and five-year-old B.D., lived primarily with Douglas at his parents' house. On April 3, 2017, while M.D. had custody of their sons, Douglas informed M.D that he wanted a divorce. That same day, M.D. moved into Turning Point shelter with K.D. and B.D., and she refused to return the boys to Douglas.

[3] On April 15, 2017, Douglas was driving in Columbus, and he passed a car driven by M.D.'s mother, Lynette Armstrong. Douglas noticed that his sons were in the car, so he turned around and followed Armstrong to her destination, McDonald's. Douglas waited outside for Armstrong to exit with the boys, but he got impatient as they sat inside eating, so he went in to get them. Douglas picked up B.D., told K.D. to come with him, and began walking out with the children. B.D. appeared afraid and told Armstrong he did not want to go with Douglas. Armstrong yelled for someone to call the police,

---

[1] Ind. Code § 35-42-2-1.

which the manager of McDonald's did, and Armstrong followed Douglas and the boys out of the restaurant.

[4] Outside the restaurant, K.D. climbed into the front passenger seat of Douglas' car and buckled his seatbelt. Douglas buckled B.D. into his booster seat, which was behind the driver's seat, and shut the back door of the car. B.D. was crying, so Armstrong opened the driver-side back door, perched herself on the edge of the back seat, with one foot in the car and one foot on the ground, and tried to console B.D. While she was there, Douglas shut the driver-side back door with such force that Armstrong sustained a painful contusion on her lower left leg. Police arrived on the scene, took statements from numerous people, and determined the children would leave with Armstrong.

[5] The State charged Douglas with Class A misdemeanor battery resulting in bodily injury because he shut the door on Armstrong's leg. The court held a bench trial at which Douglas, Armstrong, and the manager of McDonald's testified. Douglas testified Armstrong was injured because she jumped in the way when he was shutting the car door. The court found Douglas guilty, specifically remarking:

> Mr. Douglas one of the things that I have to do is look at creditability and in doing that I am going to find that you are guilty of Battery Resulting in Bodily Injury as an A Misdemeanor. I'm finding that you did knowingly, or intentionally touch Lynette Armstrong in a rude insolent or angry manor resulting in bodily injury. What you did is beyond stupid, for a parent, but it's also criminal. So I'm going to set this out for sentencing . . . .

(Tr. Vol. 2 at 44 (errors in original).)

# Discussion and Decision

[6] Class A misdemeanor battery resulting in bodily injury occurs when a person "knowingly or intentionally touches another person in a rude, insolent, or angry manner" and that touching "results in bodily injury to any other person." Ind. Code § 35-42-2-1. Bodily injury is "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. Douglas does not deny that he shut the car door on Armstrong's leg, causing her injury. Instead he argues Armstrong was acting illegally and he therefore was "absolutely justified in actively attempting to prevent Armstrong's illegal conduct." (Appellant's Br. at 12.) Under the circumstances that unfolded in this case, we must disagree.

[7] Douglas essentially asserts he was acting in defense of himself or the boys. Our standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State,* 725 N.E.2d 837, 840 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of the witnesses. *Adetokunbo v. State*, 29 N.E.3d 1277, 1280 (Ind. Ct. App. 2015). We consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Id.* "A conviction will be affirmed if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.* at 1280-81.

"A valid claim of self-defense is legal justification for an otherwise criminal act[,]" *Wallace*, 725 N.E.2d at 840, and a claim of defense of other is analogous to a claim of self-defense. *Rondeau v. State*, 48 N.E.3d 907, 919 (Ind. Ct. App. 2016), *trans. denied*.

> A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> > (1) is justified in using deadly force; and
> > (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

Ind. Code § 35-41-3-2(c).

To prevail on such claims, a defendant must show he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). "When a claim of self-defense is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements." *King v. State,* 61 N.E.3d 1275, 1283 (Ind. Ct. App. 2016), *trans. denied*. "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-

defense, or by simply relying upon the sufficiency of its evidence in chief." *Id.* If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801.

[10] We cannot provide Douglas the relief he seeks because he provoked, instigated, and willingly participated in the circumstances that led to his slamming the door on Armstrong's leg. *See id.* at 800 (defendant must show he did not provoke, instigate or participate willingly in the violence). Armstrong is the grandmother of K.D. and B.D., and they were placed in her care by M.D. Armstrong therefore was acting on M.D.'s authority when she took the boys to McDonald's. Douglas arrived at McDonald's without warning and, without speaking to Armstrong or explaining his behavior to the boys, grabbed B.D. and began to leave the restaurant, ordering K.D. to follow him. Douglas' behavior understandably upset B.D. and Armstrong, and if B.D. had not been upset, Armstrong might not have felt the need to enter Douglas' car to console him.[2] Because Douglas willingly instigated and provoked Armstrong's behavior,

---

[2] Douglas argues Armstrong was committing: (1) Class B misdemeanor entering a motor vehicle without permission, Ind. Code § 35-43-4-2.7(d); (2) Class A misdemeanor criminal trespass for interfering with his possession of the vehicle, Ind. Code § 35-43-2-2(b); and (3) Class C misdemeanor interference with custody, Ind. Code § 35-42-3-4(b). (*See* Appellant's Br. at 11-12.) Even if Armstrong had entered the car without Douglas' permission and was interfering with his ability to abscond with his children, there was absolutely no evidence to suggest Armstrong was a threat to Douglas or the boys. Accordingly, if Douglas believed Armstrong was committing crimes, he should have waited for the police to arrive and reported those crimes to the police. Douglas' impatience to leave cannot justify his injuring his mother-in-law as she consoled his son in the car. As we note above, Douglas instigated, provoked, and willingly participated in the situation that resulted in his injuring Armstrong, and he therefore cannot claim he acted in defense of self or others.

Douglas cannot claim self-defense. *See Wolf v. State*, 76 N.E.3d 911, 917 (Ind. Ct. App. 2017) (where Wolf "initiated and willingly participated in the fight" trial court properly rejected his claim of self-defense).

[11] We empathize with the circumstances that brought Douglas to McDonald's on the day in question -- because he recently had separated from his wife and he not seen his sons for more than a week. We cannot, however, condone his behavior. Parents who cannot amicably reach an agreement regarding custody of and visitation with their children need to turn to a court of law for assistance with implementation of a schedule. Permitting parents to abscond with their children whenever and wherever they happen to find them would create chaos for children, which would be anxiety provoking, unhealthy, and unjust. As the State has a substantial interest in protecting the welfare of children, *In re I.P.*, 5 N.E.3d 750, 752 (Ind. 2014), we do not hesitate to affirm Douglas' conviction.

# Conclusion

[12] Because Douglas' rash behavior instigated and precipitated the injury to Armstrong, he cannot claim he was acting in defense of self or others. As such, we affirm his conviction of Class A misdemeanor battery resulting in bodily injury.

[13] Affirmed.

Baker, J., and Robb, J., concur.