

IN THE

# Court of Appeals of Indiana

In re the Termination of the Parent-Child Relationship of:

Z.R. (Minor Child)

and

K.W. (Mother),

*Appellant-Respondent*

v.

Indiana Department of Child Services,

*Appellee-Petitioner*



FILED

Nov 21 2025, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

November 21, 2025

Court of Appeals Case No.
25A-JT-1375

Appeal from the Lake Superior Court

The Honorable Thomas P. Stefaniak Jr., Judge

Trial Court Cause No.
45D06-2409-JT-000135

---

**Opinion by Judge Felix**
Judges Brown and Scheele concur.

**Felix, Judge.**

## Statement of the Case

After a petition to terminate K.W.'s ("Mother") parental rights to Z.R. ("Child") was filed, Mother successfully moved to have the factfinding hearing on that petition continued twice. When Mother failed to appear for the third setting without explanation, Mother's counsel requested a continuance. All other parties objected, and the trial court denied the motion. Following the hearing, the trial court terminated Mother's parental rights to Child.[1] Mother now appeals and raises one issue for our review: Whether the trial court erred by denying her motion to continue.

We affirm.

## Facts and Procedural History

Child, who was born on August 9, 2019, was removed from Mother's care in September 2020 after he was taken to a hospital with numerous unexplained injuries that were determined to be the result of nonaccidental trauma. The Indiana Department of Child Services ("DCS") filed a CHINS petition. In December 2020, the trial court adjudicated Child a CHINS. The trial court ordered Child remain outside of Mother's care and ordered Mother to participate in services.

---

[1] Child's biological father, Zy.R., does not participate in this appeal.

[4] Mother failed to meaningfully engage in services, so on September 23, 2024, DCS filed a petition to terminate Mother's parental rights. The trial court initially set the factfinding hearing on this petition for January 21, 2025. At that hearing, Mother's counsel requested a continuance because Mother had been in a car wreck the day before and was still hospitalized as a result.[2] The trial court continued the factfinding hearing to February 6. At the February 6 hearing, Mother's counsel requested another continuance, and the trial court granted that request. The trial court reset the factfinding hearing for 8:30 a.m. on April 24.

[5] Mother did not appear at the April 24 factfinding hearing. At the beginning of that hearing, Mother's counsel stated that she "was expecting [Mother] to appear" and that when she spoke to Mother two days before the hearing, Mother "had told [counsel] that she would be here, and she had the information."[3] Tr. Vol. II at 4. On the morning of the hearing, Mother's counsel "tried to call" Mother and Mother's father, with whom Mother was living, "multiple times" but had "not been able to get a hold of either one of them." *Id.* at 5. Mother's counsel also texted Mother but got no response.

---

[2] Neither party includes in their appendices the trial court's orders from January 21 and February 6, 2025, regarding the continuation of the factfinding hearing. *See* Ind. Appellate Rule 50(A). Pursuant to Indiana Appellate Rule 27 and Indiana Evidence Rule 201, we have taken judicial notice of those orders. *See Horton v. State*, 51 N.E.3d 1154, 1156 (Ind. 2016) (taking judicial notice under Evidence Rule 201 of documents that were part of the Record on Appeal as defined in Appellate Rule 27).

[3] In this case, every time the trial court scheduled and rescheduled the factfinding hearing, it always scheduled that hearing to be conducted via Zoom, and the log-on information for the Zoom-based hearing was provided in every scheduling order. It is also clear from the record that the reference to Mother having "the information" meant that Mother had the Zoom log-on information.

Mother's counsel was "not sure what's going on" and had no explanation for Mother's absence. *Id.* Consequently, Mother's counsel made an oral motion to continue the factfinding hearing (the "Motion"). DCS objected, noting that the factfinding hearing had already been continued twice due to Mother's previous hospitalization and that Mother had been in contact with both her counsel and her case manager. The previously appointed CASA also objected based on the prior continuances and his belief that "this is not a situation where a two[-]week continuance would change the underlying facts." *Id.* at 7.

[6] Eighteen minutes after the scheduled start time for the hearing, the trial court confirmed that there was no one "in the waiting room," Tr. Vol. II at 7—likely a reference to the Zoom waiting room—and that no one had contacted the courthouse "on this matter" or appeared in-person, *id.* The trial court then denied the Motion: "[B]ased on what has been presented, I find no good cause for -- under the Trial Rules for Mom's motion to continue, based on that, the motion to continue will be denied." *Id.* at 8. The trial court proceeded with the factfinding hearing in Mother's absence, after which it terminated her parental rights to Child. This appeal ensued.

## Discussion and Decision

### The Trial Court Did Not Err by Denying the Motion

[7] Mother challenges the trial court's denial of the Motion.[4] In doing so, she raises two distinct issues: (a) Whether the trial court erred in determining that Mother failed to establish good cause for the continuance, and (b) Whether the trial court's denial of the Motion violated her due process rights. We address each in turn.

#### a. Good Cause

[8] Mother first argues that the trial court's denial of the Motion was an abuse of discretion because she demonstrated good cause for a continuance. We review a trial court's decision on a motion to continue for an abuse of discretion. *In re K.W.*, 12 N.E.3d 241, 243–44 (Ind. 2014) (*Rowlett v. Vanderburgh Cnty. Off. of Fam. & Child.*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied*). An abuse of discretion occurs if the trial court's decision "was against the logic and effect of the facts and circumstances before" it, *Willow Haven on 106th St., LLC v. Nagireddy*, 252 N.E.3d 418, 422 (Ind. 2025) (quoting *Wisner v. Laney*, 984 N.E.2d 1201, 1205 (Ind. 2012)), or if it misinterpreted the law, *id.* (citing *Members of Med. Licensing Bd. of Ind. v. Planned Parenthood Great Nw., Haw.,*

---

[4] On appeal, Mother does not challenge the findings or conclusions supporting the termination of her parental rights. Mother challenges only the trial court's denial of the Motion.

*Alaska, Ind., Ky., Inc.*, 211 N.E.3d 957, 964 (Ind.), *reh'g denied*, 214 N.E.3d 348 (Ind. 2023)).

[9] Here, the trial court denied the Motion, finding "no good cause . . . under the Trial Rules." Tr. Vol. II at 8. Prior to January 1, 2025, Trial Rule 53.5 governed continuances. Order Amending Rules of Trial Proc. & Admin. Rules, No. 24S-MI-1 (Ind. Oct. 30, 2024) [hereinafter Order]. That rule provided in relevant part that a continuance "shall be allowed upon a showing of good cause established by affidavit or other evidence." Ind. Trial Rule 53.5 (effective Jan. 1, 1983, to Dec. 31, 2024). As of January 1, 2025, Trial Rule 7 governs continuances. Order, No. 24S-MI-1 (Ind. Oct. 30, 2024). Trial Rule 7 does not have a good cause standard. *See* T.R. 7. Instead of establishing a standard by which a request to continue "shall" be granted, the new rule focuses on the mechanics of requesting a continuance. *See id.*

[10] We need not consider whether a good cause standard survived the repeal of Trial Rule 53.5 because even if it did survive, Mother did not establish good cause for a continuance. Mother argues that her "accident, in and of itself," was reason enough to continue the April 24 hearing, Appellant's Br. at 12, and she also points to evidence presented during the factfinding hearing (not during the time counsel requested the continuance) that showed she "was still required to be on rest and not released to even engage in outpatient physical therapy" as of April 24, *id.* at 11. Mother acknowledges that this evidence was not presented at the time her counsel made the Motion. The Motion was also not re-raised after this evidence was brought out during the hearing. A party may

not present one basis for its motion to continue at trial and seek reversal of the denial thereof using a different basis on appeal. *Endres v. Ind. State Police*, 809 N.E.2d 320, 322 (Ind. 2004) ("At a minimum, a party must show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal."). Mother has therefore waived her argument regarding the Motion to the extent that argument relies on the evidence presented at the hearing itself. *See Expert Pool Builders, LLC v. Vangundy*, 224 N.E.3d 309, 313 (Ind. 2024) (citing *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013)) ("Generally, we limit appellate review to arguments the parties first presented to the trial court.").

[11] At no time during the hearing or immediately thereafter was any evidence presented to the court explaining why Mother did not appear. The argument that one witness believed Mother was supposed to be resting does not explain her absence at the factfinding hearing when she had previously told her counsel she would appear. Mother's counsel represented to the trial court that just two days before, Mother knew when the hearing was, knew how to appear, and told counsel that she would appear. Mother's alleged need to rest does not explain why she was prevented from appearing at a *remote* hearing. Based on the record in this case, we cannot say the trial court abused its discretion by denying the Motion.

### b. *Due Process*

Mother also argues that the trial court's denial of the Motion violated her due process rights.[5] Mother's fundamental (but not absolute) right to raise Child is protected by the Fourteenth Amendment to the United States Constitution. *See In re I.P.*, 5 N.E.3d 750, 751–52 (Ind. 2014) (citing *Bester v. Lake Cnty. Off. Fam. & Child.*, 839 N.E.2d 143, 147 (Ind. 2005)). "[W]hen the State seeks to terminate the parent-child relationship, it must do so in a manner that meets due process requirements." *Id.* (citing *In re C.G.*, 954 N.E.2d 910, 917 (Ind. 2011)). Appellate courts balance three factors to determine the process due in a termination case: "(1) the private interests affected by the proceeding; (2) the risk of error created by the State's chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure." *Id.* (citing *C.G.*, 954 N.E.2d at 917).

"Both a parent's interest in the care, custody, and control of a child, and the State's *parens patriae* interest in protecting a child's welfare are substantial." *I.P.*, 5 N.E.3d at 752 (emphasis in original) (citing *C.G.*, 954 N.E.2d at 917). At

---

[5] Mother did not specifically raise procedural due process at the trial level, so she did not provide the trial court "a bona fide opportunity to pass upon the merits" of her claim before seeking an opinion on appeal. *Endres v. Ind. State Police*, 809 N.E.2d 320, 322 (Ind. 2004). Accordingly, Mother has waived this issue for our review by raising it for the first time on appeal. *See Expert Pool Builders, LLC v. Vangundy*, 224 N.E.3d 309, 313 (Ind. 2024) (citing *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013)) ("Generally, we limit appellate review to arguments the parties first presented to the trial court."). We nevertheless choose to address the merits of Mother's due process claim, *see Plank*, 981 N.E.2d at 54 (citing *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992)) ("[A] reviewing court may exercise its discretion to review a constitutional claim on its own accord."), particularly because Mother's parental rights are at stake here, *see In re M.I.*, 127 N.E.3d 1168, 1170–71 (Ind. 2019) (quoting *Neal v. DeKalb Cnty. Div. of Fam. & Child.*, 796 N.E.2d 280, 285 (Ind. 2003)) ("[T]he parent–child relationship 'is one of the most valued relationships in our culture.'").

issue here is whether the trial court's denial of the Motion—that is, its decision to hold the factfinding hearing in Mother's absence—created a risk of error such that a due process violation occurred.

[14] A parent does not have an "absolute constitutional right . . . to be present at a termination hearing," *K.W.*, 12 N.E.3d at 248 (citing *C.G.*, 954 N.E.2d at 921), but the parent "does have the right to be heard at a meaningful time and in a meaningful manner," *id.* at 249 (quoting *Tillotson v. Clay Cnty. Dept. of Fam. & Child.*, 777 N.E.2d 741, 745 (Ind. Ct. App. 2002), *trans. denied*).  In the termination context, a party's due process rights typically are not violated when a court proceeds with the factfinding hearing in the party's absence so long as the party was represented by counsel at that hearing and counsel was able to make argument and cross-examine witnesses.  *In re C.C.*, 170 N.E.3d 669, 677 (Ind. Ct. App. 2021) (citing *In re J.T.*, 740 N.E.2d 1261, 1264 (Ind. Ct. App. 2000), *trans. denied*, *abrogated in part on other grounds by Baker v. Marion Cnty. Off. of Fam. & Child.*, 810 N.E.2d 1035, 1041 (Ind. 2004)).  Counsel's representation of the absent parent's interests at the factfinding hearing "vastly reduce[s] the risk of error," making the risk of error "minimal."  *Id.*

[15] Here, Mother was represented by counsel at the factfinding hearing, and Mother does not claim that her counsel was unable to make argument or to cross-examine witnesses.  The risk of error in proceeding with the factfinding hearing in Mother's absence was therefore minimal.  In balancing Mother's fundamental interest, the State's compelling interest, and the minimal risk of error from the trial court's decision to proceed in Mother's absence where

Mother was represented by counsel, we conclude that the trial court did not violate Mother's due process rights by denying the Motion.

## Conclusion

[16] In sum, the trial court neither abused its discretion nor violated Mother's due process rights by denying the Motion. We therefore affirm the trial court on all issues raised.

[17] Affirmed.

Brown, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Larry D. Stassin
Lake County Juvenile Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

David E. Corey
Supervising Deputy Attorney General

Meghan E. O'Sullivan
Certified Legal Intern
Indianapolis, Indiana